d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LANE CARTER, Plaintiff | CIVIL ACTION NO. 1:18-CV-00068 SECTION P |
| VERSUS | JUDGE DRELL |
| JACQUE DERR, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiff Lane Carter ("Carter") filed a Motion to Appoint Counsel (Doc. 8). Carter claims that he cannot afford to retain an attorney, and that he needs the assistance of an attorney to investigate and prosecute the case.

The law in the Fifth Circuit is settled that, "[g]enerally speaking, no right to counsel exists in Section 1983 action." See Jackson v. Cain, 864 F.3d 1235 (5th Cir. 1989). Appointment of counsel in such actions is authorized only in "exceptional circumstances." See Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987). In Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985), the court stated that, although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will turn on the quality of the case and the abilities of the individual bringing it.

The test was further elaborated in Jackson v. Dallas Police Dept., 811 F.2d 160, 261-62 (5th Cir. 1986), in which the court held that the presence of exceptional circumstances involved consideration of several factors, including the type and complexity of the case, the indigent's ability to adequately investigate and present

his claims, and the degree of skill necessary to present the case at trial. See also, Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

A review of the record in this case reveals no exceptional circumstances warranting appointment of counsel at this time. The legal issues involve the application of well-established and long-standing principles and the factual issues are simple. The circumstances surrounding Carter's claims are not particularly complex or unusual. No exceptional skill or ability will be necessary to present the case at trial. While the Court has no specific information regarding Carter's abilities, he has demonstrated that he is capable of drafting a complaint and a motion.

Accordingly, the Motion to Appoint Counsel (Doc. 8) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 8th day of March, 2018.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE