UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LANE CARTER                                    CIVIL ACTION NO. 18-0068

                                               SECTION P

VS.

                                               JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                            MAG. JUDGE KAREN L. HAYES

**MEMORANDUM ORDER**

Plaintiff Lane Carter, a detainee at Jackson Parish Correctional Center proceeding pro se

and in forma pauperis, filed the instant civil rights Complaint on January 18, 2018, under 42

U.S.C. § 1983.  Plaintiff names Judge Jacque Derr, Sheriff Cranford Jordan, Winn Parish Jail,

and Jackson Parish Correctional Center as Defendants.[1]

**Background**

Plaintiff alleges that, on August 20, 2017, he slipped and fell in the shower at Winn

Parish Jail.  He claims that a guard notified Sheriff Jordan, but the Sheriff waited too long to call

emergency medical services: he fell at 5:00 p.m. and emergency medical technicians arrived at

7:00 p.m.  He was released from the emergency room around 10:00 p.m. under physician orders

to return for a second examination in two to three days.  Plaintiff claims, however, that despite

submitting several "sick calls" he did not receive further care until September, when he "saw a

facility nurse and was sent to the local emergency room."

At the emergency room, Plaintiff received several tests and a diagnosis revealing damage

to his back.  The emergency room physician instructed Plaintiff to see a neurosurgeon for an

_____

[1] This matter has been referred to the undersigned for review, report, and recommendation
in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

immediate consultation, but Plaintiff received no "medical attention until October 12, 2017, when [he] was brought to see the facility doctor."

On October 12, 2017, Plaintiff requested care from a facility doctor, but, after asking if Plaintiff was a pretrial detainee, the doctor refused to treat Plaintiff.

Plaintiff attended a bond reduction hearing before Judge Derr on October 18, 2017.  He faults Judge Derr for denying "medical O/R bond."  According to Plaintiff, Judge Derr denied bond because he thought, erroneously, that Plaintiff was receiving treatment.

Plaintiff alleges that his injuries worsened in October.  Officials gave him a walking aid and then a wheelchair.  Despite being infirm, no one would help Plaintiff shower; instead, he "was given the walker and a folding chair . . . ."  As a result, he slipped and fell again in the shower on October 27, 2017.  The attending guard informed Plaintiff that he could "not have medical treatment until October 30, 2017."

A nurse treated Plaintiff on October 30, 2017, for injuries he sustained on October 27, 2017.  Later that evening, he was sent to "LSU Shreveport Medical Center ER."  On discharge, physicians instructed Plaintiff to remain in his wheelchair.

Plaintiff was intermittently deprived of his wheelchair in November of 2017, which forced him to crawl to the toilet and prevented him from showering and using the telephone.  He fell twice attempting to walk to the toilet.  Plaintiff was "not offered any treatment" and was instead told to call his fellow inmates for assistance instead of the staff.   Plaintiff also claims that his cell was not handicap accessible.

Plaintiff claims that "guards" took his wheelchair again on December 3, 2017, and did not return it until the following day, thus forcing Plaintiff to crawl to the toilet.  The guards took his

wheelchair once more on December 5, 2017.

Plaintiff alleges that the facility did not have a proper handicap transportation vehicle. As a result, officials had to throw him in and out of the transport vehicle. He endured this treatment "multiple times . . . ."

Plaintiff was "taken to a neurosurgery clinic appointment" on December 28, 2017, and was admitted to the hospital for over two days. He was discharged on December 30, 2017, and he returned to the detention facility. Plaintiff states, without explanation, that "medication orders have not been followed by [the] facility . . . ." Throughout his Complaint, Plaintiff states that various medical professionals have refused to treat him   or have delayed treatment   because he is a pretrial detainee. Plaintiff also alleges that care for detainees is subject to the Sheriff's discretion.

Plaintiff seeks medical treatment for physical and mental injuries, as well as an unstated amount of compensatory damages. Plaintiff also asks the Court to recuse Judge Derr from Plaintiff's ongoing state proceeding and to order the state court to transfer venue.

## Amendment

While Federal Rule of Civil Procedure 8 does not require explicit detail, it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendants. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations. Before proceeding

further, Plaintiff should amend his Complaint, provide the information outlined below, and

remedy the deficiencies described below.  See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

At the very least, Plaintiff should provide:

> (1) a separate description of what each Defendant did to violate Plaintiff's rights; in other words, a description of how each Defendant participated in the violation of his constitutional rights;
>
> (2) the place and date that each event occurred; and
>
> (3) a description of the injury, if any, sustained as a result of each alleged violation.

Plaintiff should also identify the specific actions or omissions for which he seeks monetary relief.

**1. Abstention**

Plaintiff asks the Court to intervene in an ongoing state proceeding.  "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).  Here, Plaintiff should amend his Complaint and state: (1) the charges pending against him in the state court proceeding and (2) whether the state court proceeding is pending or whether Plaintiff has been convicted of the aforementioned charges.

**2. Sheriff Jordan**

Plaintiff faults Sheriff Jordan for actions taken in the Sheriff's supervisory capacity. Plaintiff should amend and explain what Sheriff Jordan did or did not do to violate Plaintiff's constitutional rights; in other words, Plaintiff should identify the specific actions for which he

seeks monetary relief.

## 3. Medical Care

Plaintiff should allege facts to establish that each Defendant was deliberately indifferent to a substantial risk of serious harm to him.  He should provide:

(1) a description of his medical condition;

(2) a description of the injuries he sustained after each fall, as well as a description of each injury, condition, or medical need he claims Defendants deliberately failed to treat, deliberately treated incorrectly, or deliberately delayed treating;

(3) an explanation of whether Defendants' alleged failure to treat or delay in treatment made his injuries worse or resulted in additional injuries;

(4) details about the lack of a wheelchair (i.e. the extent to which Plaintiff could not walk; when, and for how long, he was deprived of a wheelchair;  whether he requested a walking aid or wheelchair;  when Defendants provided a wheelchair or other alternative; when and why he needed a wheelchair;  whether he had a prescription or medical recommendation for a walking aid or wheelchair;  and whether Defendants were aware of (i.e. knew of) the prescription/recommendation, and whether he sustained any injuries from the alleged failure to provide a wheelchair or walking aid);

(5) details about the lack of a handicap-accessible cell (i.e. why the cell was inadequate; whether he informed Defendants that the cell lacked a particular apparatus, construction or other aid and what that apparatus, construction, or aid is; whether Defendants knew of his handicap and particular needs;  whether he sustained any injuries because the cell lacked a certain apparatus or aid;  whether an aid or other construction would have prevented any injury;  whether a medical professional recommended or prescribed handicap facilities and whether Defendants knew of the recommendation or prescription;  and what his specific handicap was before and after each alleged fall);

(6) details about the lack of a proper handicap transportation vehicle (i.e. facts to establish that Defendants knew of a substantial risk of serious harm to Plaintiff and disregarded that risk);

(7) the treatment and/or medication he claims Defendants should or should not have provided;

(8) a description of all medical treatment that he received relative to his claims here;

(9) dates of treatment;

(10) names of the medical providers;

(11) names of the facilities where he received treatment;

(12) any diagnosis that he received relating to his claims;

(13) any medications, treatment, or apparatuses prescribed for his alleged injuries or condition;

(14) copies of any medical records in his possession;

(15) information concerning requests for care, as well as copies of any sick call requests or other requests for medical care;

(16) copies of any grievances he filed concerning his claims and copies of any responses he received; and

(17) any other information to establish that Defendants were deliberately indifferent (i.e. that Defendants knew of a substantial risk of serious harm to Plaintiff's health and disregarded that risk).

**4. Entities Not Amenable to Suit**

Plaintiff names Winn Parish Jail and Jackson Parish Correctional Center as Defendants. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

Here, neither Defendant qualifies as a juridical person. As Plaintiff fails to state a claim for which relief can be granted against these entities, he should amend and withdraw his claims against them.

**Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Lane Carter shall amend his Complaint, within thirty (30) days of the filing of this Order, to cure the deficiencies outlined above. Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 1st day of May, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE