**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LANE CARTER                                        CIVIL ACTION NO. 18-0068

                                                   SECTION P

VS.

                                                   JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                                MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Plaintiff Lane Carter, a detainee at Jackson Parish Correctional Center proceeding pro se and in forma pauperis, filed the instant civil rights Complaint on January 18, 2018, under 42 U.S.C. § 1983.  Plaintiff names Judge Jacque Derr, Sheriff Cranford Jordan, "Police Jury of Winn Parish," Allen Michael McCartney, LaSalle Corrections, Sheriff Andy Brown, and Warden Timothy Ducote as Defendants.[1]

## Background

Plaintiff alleges that, on August 20, 2017, he slipped and fell in the shower at Winn Parish Jail.  He claims that his fall was "a result of negligence with building maintenance, a shower floor in particular."  He also claims that he fell because the shower lacked hand railings. In Plaintiff's initial Complaint, he claims that a guard notified Sheriff Jordan but the Sheriff waited too long to call emergency medical services: he fell at 5:00 p.m. and emergency medical technicians arrived at 7:00 p.m.   In Plaintiff's Amended Complaint, Plaintiff claims that he was wrapped in a wet shower curtain and instructed to remain still on the concrete floor until Sheriff Jordan decided whether Plaintiff required medical attention.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

After visiting the emergency room, Plaintiff was released around 10:00 p.m. under physician orders to return for a second examination in two to three days.  Plaintiff claims, however, that despite submitting several "sick calls" he did not receive further care at Winn Parish Jail because Sheriff Jordan would not authorize it.

Plaintiff was subsequently transferred to Jackson Parish Correctional Center.  There, on September 13, 2017, he "saw a facility nurse and was sent to the local emergency room."  He received several tests and a diagnosis revealing damage to his back.  The emergency room physician instructed Plaintiff to see a neurosurgeon for an immediate consultation.  Plaintiff submitted "sick calls" seeking his neurosurgeon consultation, but the facility nurse informed him that the Sheriff would not authorize further medical attention.  Aside from receiving ibuprofen, Plaintiff received no "medical attention until October 12, 2017, when [he] was brought to see the facility doctor."

On October 12, 2017, Plaintiff requested care from a facility doctor, but, after asking if Plaintiff was a pretrial detainee, the doctor refused to treat Plaintiff.

Plaintiff attended a bond reduction hearing before Judge Derr on October 18, 2017.  He faults Judge Derr for denying "medical O/R bond."  Judge Derr denied bond because Sheriff Jordan misinformed him that Plaintiff was receiving treatment.

Plaintiff alleges that his injuries worsened in October and he "became unable to walk without some form of aid."  Officials gave him a walking aid and then a wheelchair.  Despite being infirm, no one would help Plaintiff shower; instead, he "was given the walker and a folding chair . . . ."  As a result, he slipped and fell again in the shower on October 27, 2017.  The attending guard informed Plaintiff that he could "not have medical treatment until October 30,

2017."

A nurse treated Plaintiff on October 30, 2017, for injuries he sustained on October 27, 2017. Later that evening, he was sent to "LSU Shreveport Medical Center ER." On discharge, physicians instructed Plaintiff to remain in his wheelchair.

Plaintiff was intermittently deprived of his wheelchair—from several hours to several days—in November of 2017, which forced him to crawl to the toilet and prevented him from showering and using the telephone. He was once deprived of a shower for nine days because "the guard didn't want to bother finding a wheelchair and folding chair . . . ." A nurse "ordered" Plaintiff to be "taken to the handicap shower in the building, but no one ever took [him] there." He "had several minor falls" when he attempted to walk to the toilet. He was "not offered any treatment" and was instead told to call his fellow inmates for assistance.

Plaintiff also claims that his cell at Jackson Parish Correctional Center was not handicap accessible. He had to crawl up a ladder to his bunk bed "until one of the nurses ordered [him] into a lower" bunk. He was later transferred to a suicide cell that lacked hand railings. Thereafter, he was transferred to another cell that lacked hand railings and that had a toilet "10 feet from the bunks." He was transferred yet again to "general population," which lacked facilities for Plaintiff to access the ice chest, microwave, and telephone.

Plaintiff claims that "guards" took his wheelchair again on December 3, 2017, and did not return it until the following day, forcing Plaintiff to crawl to the toilet. The guards took his wheelchair once more on December 5, 2017.

Plaintiff alleges that the facility did not have a proper handicap transportation vehicle. Officials had to throw him in and out of the vehicle. He endured this treatment "multiple times .

3

. . ." He also had to "trust fall" out of the vehicle into the guards' arms, but the guards occasionally missed and dropped him.

Plaintiff was "taken to a neurosurgery clinic appointment" on December 28, 2017, and was admitted to the hospital for over two days. He was discharged on December 30, 2017, and returned to the detention facility. Plaintiff states, without explanation, that "medication orders have not been followed by [the] facility . . . ."

Throughout his Complaint, Plaintiff maintains that various medical professionals have refused to treat him—or have delayed treatment—because he is a pretrial detainee and the Sheriff will not authorize off-site care. Plaintiff alleges that care for detainees is subject to the Sheriff's discretion. The Sheriff continues to refuse to authorize "any ordered treatment for any injuries [Plaintiff] sustained" while in his custody, "especially for injuries originating in August that have worsened drastically." While Plaintiff admits that he visited the emergency room "several times" and visited a clinic, he claims that he is not receiving any treatment that doctors have prescribed.

Plaintiff claims that he injured his back, head, and shoulder when he fell. He is unable to walk or stand due to numbness in his left leg, he suffers pain and numbness throughout his body, he is unable to control his bladder, he is unable to maintain an erection, he has gained an excessive amount of weight, and he experiences various forms of mental distress. He seeks medical treatment for physical and mental injuries, as well as an unstated amount of compensatory damages. Plaintiff also asks the Court to recuse Judge Derr from Plaintiff's ongoing state proceeding and to order the state court to transfer venue.

Plaintiff amended his Complaint on May 16, 2018, and named additional Defendants: Police Jury of Winn Parish, Allen Michael McCartney, LaSalle Corrections, Andy Brown, and

4

Timothy Ducote.

## Amendment

While Federal Rule of Civil Procedure 8 does not require explicit detail, it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendants. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations. Before proceeding further, Plaintiff should amend his Complaint, provide the information outlined below, and remedy the deficiencies described below. See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff should provide a separate description of what each new Defendant (Police Jury of Winn Parish, Allen Michael McCartney, LaSalle Corrections, Andy Brown, and Timothy Ducote) did to violate Plaintiff's rights; in other words, a description of how each Defendant participated in the violation of his constitutional rights.

### 1. Police Jury and LaSalle Corrections

Local governing authorities and private prison management companies may not be held vicariously liable for the civil rights violations of their employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). They can be found liable only if they cause the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To recover, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with

actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  Here, Plaintiff should amend his pleading in light of the standard above, or he should withdraw his claims against the Police Jury and LaSalle Corrections.

**2. Supervisory Defendants**

Plaintiff names Warden Timothy Ducote, Sheriff Andy Brown, and the President of the Winn Parish Police Jury, Allen Michael McCartney, as Defendants.  "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).  "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).  "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  Here, to the extent Plaintiff names supervisory officials as defendants, he must allege facts demonstrating either personal involvement or the implementation of unconstitutional policies by those officials.

<u>Conclusion</u>

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Lane Carter shall amend his Complaint, within thirty (30) days of the filing of this Order, to cure the deficiencies outlined above.  Plaintiff shall dismiss any claims that he is unable to cure through amendment.  Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under

28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 30th day of May, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE