UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LANE CARTER                                        CIVIL ACTION NO. 18-0068

                                                   SECTION P

VS.

                                                   JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                                MAGISTRATE KAREN L.
HAYES

---

ANSWER AND AFFIRMATIVE DEFENSES OF
WINN PARISH POLICE JURY

NOW INTO COURT, through undersigned counsel, comes defendant, WINN

PARISH POLICE JURY (the "Police Jury"), and for response to the original and amended

Complaints of plaintiff Lane Carter ("Carter") (Docs. 1, 15, 17 and 18), states that:

PREFACE -EXHAUSTION OF REMEDIES

The Court's June 13, 2018 Memorandum Order provides that all defendants "shall

address whether Plaintiff should be required to exhaust administrative remedies, and, if

so, whether he has exhausted his administrative remedies prior to filing herein."(Doc. 20,

p. 6). In response to the referenced Memorandum Order, the Police Jury avers it has been

advised there are no available administrative remedies for prisoner grievances at the Winn

Parish Jail.  Accordingly, plaintiff would have been unable to pursue any grievance there,

if he had desired to do so, and he would have been afforded no relief if a grievance from

another institution had been sent to the responsible authorities at the Winn Parish Jail.

Thus, the Police Jury will not seek dismissal of plaintiff's lawsuit on the basis of plaintiff's

1

failure to exhaust administrative remedies.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief can be granted against the Police Jury. Defendant herein has a statutory duty relating funding and maintaining the Winn Parish Jail, but the Police Jury did not have custody or control of the physical structure used as the Winn Parish Jail. Plaintiff has no claims against the Police Jury under federal law; and the facts of this matter show plaintiff has no claims against the Police Jury under Louisiana law, as further set forth herein.

## SECOND AFFIRMATIVE DEFENSE

At  the time of plaintiff's alleged accident, the Winn Parish Jail ("Jail") was not defective, and it had no condition that created an unreasonable risk of harm.

## THIRD AFFIRMATIVE DEFENSE

The Police Jury has no liability to plaintiff as per La. R.S. 9:2800. The Police Jury did not have custody or control of the Jail shower or Jail stairwells; further, the Police Jury had no actual or constructive knowledge or notice  of any alleged condition or conditions at the Jail  which allegedly led to plaintiff's purported slip and fall in the Jail shower, including the alleged condition of shower floor slats upon which plaintiff purportedly slipped; further, the Police Jury had no actual or constructive knowledge or  notice of any alleged danger posed by the alleged absence of hand rails in the  Jail shower; moreover, the Police Jury had no  reasonable opportunity to remedy any alleged defect or defects  in the Jail shower or Jail stairwell (through which plaintiff was allegedly transported after his alleged

fall in the Jail shower).

## FOURTH  AFFIRMATIVE DEFENSE

The Police Jury has no liability to plaintiff under La. C.C. art. 2317, in that the Jail shower – including the shower floor slats  upon which plaintiff allegedly slipped – and the stairwell through he was allegedly transported,  were not in the custody and control of the Police Jury, and further, the Police Jury had no actual or constructive knowledge or notice of any alleged defective condition in the Jail shower or Jail stairwell (*i.e., the stairwell was allegedly too narrow*).

## FIFTH AFFIRMATIVE DEFENSE

The Police Jury has no liability to plaintiff under La. C.C. art. 2317.1, in that the Police Jury was not in custody or control of the Jail shower or the Jail shower floor slats on which plaintiff allegedly slipped; further, the Police Jury had no knowledge of any alleged ruin, vice or defect in the Jail shower, or  the Jail shower floor slats.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the negligence and/or fault of other persons  and/or entities over whom and/or which the Police Jury had no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages purportedly arising from plaintiff's alleged slip and fall must be considered in light of plaintiff's own acts and/or his failure(s) to act, and such alleged damages are to be reduced in accordance with plaintiff's own degree of fault, as per La.

C.C. art. 2323.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot seek damages from the Police Jury for any aggravation of and/or additional injury he allegedly sustained subsequent to his alleged initial fall at the Winn Parish Jail (with the existence of such initial injury being specifically denied by the Police Jury).

### NINTH DEFENSE

In addition to the above bars to liability, the Police Jury specifically alleges the following statutory limitations of liability and/or bars to liability: La. R.S. 13:5106 (limitation on liability of political subdivision); La. R.S. 13:5109 (payment of judgment or settlement sums due a plaintiff only from sums appropriated for that purpose).

### ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT (DOC. 1)

The Police Jury denies plaintiff slipped and/or sustained any alleged injury due to the fault, neglect, acts or omissions of defendant herein. Further answering plaintiff's specific allegations, the Police Jury states:

1.

The allegations of Paragraph I(a) and (c) are denied for lack of information sufficient to justify a belief therein.

2.

The allegation of Paragraph II (a) is not directed to the Police Jury; however, defendant herein believes the allegation regarding plaintiff's current place of confinement

4

is true.

3.

The allegation of Paragraph II(b) is not directed to the Police Jury; however, defendant herein believes the allegation regarding the existence of a grievance procedure at the Jackson Parish Correctional Center is true.

4.

The allegation of Paragraph II(b)(1) is not directed to the Police Jury; further, the Police Jury has no information on which to either admit or deny the allegation of Paragraph II(b)(1).

5.

The allegation of Paragraph II(b)(3) is not directed to the Police Jury; further, the Police Jury has no information on which to either admit or deny the allegation of Paragraph II(b)(3).

6.

The allegations of Paragraph III(a) and (b) are not directed to the Police Jury, and require no response from the Police Jury.

7.

The allegations of Paragraph IV are stated on multiple pages, in unnumbered sentences; accordingly the Police Jury responds as follows:

a)   The first sentence of Paragraph IV ( Doc. 1, p. 3 of 15) stating, "August 20, 2017 – I slipped and fell out of a shower at the Winn Parish Jail in cell 3 because of a faulty/damaged shower floor," is denied.

b)      All allegations in all remaining sentences (or sentence fragments) of Paragraph IV, on Doc. 1, at  p. 3 through p. 15 of 15,  are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of Paragraph V are denied; moreover,  the Police Jury specifically denies plaintiff is entitled to any "compensation" whatsoever.

9.

The allegations of Paragraph VI do not require a response from the Police Jury.

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 15)**

10.

The allegations of this Amended Complaint are asserted on 29 pages of unnumbered sentences; accordingly, the Police Jury responds as follows:

a)      The allegations of every sentence of Doc. 15, p. 1 of 29 – are denied for lack of information sufficient to justify a belief therein.

b)      All allegations comprising  the entirety of the first paragraph of Doc. 15, p. 2 of 29  – beginning with the words "Winn Parish Jail/Winn Parish Police Jury/Allen Michael McCartney, President of Winn Parish Police Jury," and ending with the words "assistance for injured/handicapped inmates" – are denied.

c)      All remaining allegations of every sentence of Doc. 15, p. 2 of 29 – are denied for lack of information sufficient to justify a belief therein.

d)      All allegations of every sentence of Doc. 15, p. 3 through p. 6 of  29 – are denied for lack of information sufficient to justify a belief therein.

e)      The allegation of the first sentence of Doc. 15, p. 7 of 29 – asserting plaintiff's alleged fall was "a result of negligence with building maintenance, a shower floor in particular" – is denied.

f)      The allegations of the third sentence of Doc. 15, p. 7 of 29 – asserting alleged

6

risk of injury by transportation of plaintiff through a "staircase" that allegedly "turns to [sic] steeply for a body board," and further alleging "[t]he elevator isn't big enough for a body board" – are denied.

g)     All remaining allegations of every other sentence of Doc. 15, p. 7 of 29 (not addressed above) – are denied for lack of information sufficient to justify a belief therein.

h)     All allegations of every sentence of Doc. 15, p. 8 through p. 13 of 29 – are denied for lack of information sufficient to justify a belief therein.

i)     The allegations of the first sentence of Doc. 15, p. 14 of 29 – asserting the alleged absence of "railings or any form of assistance for mobility" in the showers of the Winn Parish Jail, "which caused my initial fall" – are denied.

j)     All remaining allegations of every other sentence of Doc. 15, p. 14 of 29 – are denied for lack of information sufficient to justify a belief therein.

k)     All allegations of every sentence of Doc. 15, p. 15 through 21 of 29 – are denied for lack of information sufficient to justify a belief therein.

l)     The allegations of Item No. (15) of Doc. 15, p. 22 of 29 ("requests for care") – are not directed to the Police Jury, and do not require a response; however, the allegations are denied for lack information sufficient to justify a belief therein.

m)    The allegations of Item No. (16) of Doc. 15, p. 22 of 29 ("grievances") – are not directed to the Police Jury, and do not require a response. However, the Police Jury does not dispute – and accepts as true – plaintiff's allegation indicating he did not pursue any grievance procedure remedy after he allegedly submitted two grievances, and received no response from the Jackson Parish Correctional Center.

n)     Except for the allegations specifically discussed *infra*, the allegations of Item No. (17) of Doc. 15, pp. 22 - 23 of 29 ("other info") – are denied for lack of information sufficient to justify a belief therein. However, the Police Jury ***specifically denies*** plaintiff's allegations (at Doc. 15, p. 23 of 29) – that "[t]he jail in Winn Parish and its lack of maintenance led to my initial fall ..." (Emphasis added). Further answering, defendant ***specifically denies*** there was any need to "repair the building," as implied through plaintiff's allegation the Police Jury "did nothing to repair the building or me." (*Id.*).

7

o)      All allegations of every sentence of Doc. 15, p. 24 through p. 25 of 29 – are denied for lack of information sufficient to justify a belief therein.

p)      For response to the allegations of Doc. 15, p. 26 of 29 – the Police Jury admits it has been named a defendant herein; further answering, the Police Jury avers Police Jury President, Allen Michael McCartney, has been dismissed as a defendant herein. (*See* Doc. 24, Judgment). The remaining allegations of Doc. 15, p. 26 of 29 do not require a response.

q)      All allegations of Doc. 15, p. 27 of 29  – are denied.

r)      The allegations of Doc. 15, p. 28 of 29 –  do not require a response; however, to the extent a response may be necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

s)      The allegations of Doc. 15, p. 29 of 29  – are denied.

t)      Further responding to Doc 15, the Police Jury denies any and all assertions whatsoever of Doc 15-1, pp. 1-34 of 34 (Lane Carter Medical Records) which may be construed as  allegations of negligence and/or fault and/or strict liability and/or any liability of any nature or degree of the Police Jury.

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 17)

11.

The allegations of this Amended Complaint are asserted on five pages of

unnumbered sentences; accordingly, the Police Jury responds as follows:

 All allegations of every sentence of Doc. 17, p. 1 through p. 5 are denied for lack of information sufficient to justify a belief therein.

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT (DOC. 18)

12.

The allegations of this Amended Complaint are asserted on three pages; to which

the Police Jury responds as follows:

a)      All allegations in the first paragraph of Doc. 18, p. 1 of 3 (beginning with the

words "On May 31, 2018 ..." and ending with words, "sent to while here") – are denied for lack of information sufficient to justify a belief therein.

b)      All allegations in paragraph numbers 1-4 of Doc. 18, p. 1 through p. 2 of 3 – are denied for lack of information sufficient to justify a belief therein.

c)      The allegations of Doc. 18, p. 3 of 3 do not require a response. However, to the extent a response may be necessary, the allegations are denied.

**WHEREFORE**, defendant, WINN PARISH POLICE JURY, prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that plaintiff's claims against the Police Jury  be dismissed, with prejudice.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _s/Steven M. Oxenhandler_
Steven M. Oxenhandler, T.A. (#28405)
Michael J. O'Shee (#10268)
2001 MacArthur Drive (71301)
P.O. Box 6118 (71307)
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

**ATTORNEYS FOR WINN PARISH POLICE JURY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the  above and foregoing Answer and Affirmative Defenses was this date filed using the Court's CM/ECF filing system. Notice of this filing and a copy of this pleading  will be sent to all counsel of record via the Court's CM/ECF filing system.

I further certify that a copy of the above and foregoing Answer and Affirmative Defenses will be sent to all non-CM/ECF participants via U.S. Mail, postage prepaid and properly addressed.

Alexandria, Louisiana, this 6th day of August, 2018.

_s/Steven M. Oxenhandler_
OF COUNSEL