UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LANE CARTER** | * | **CIVIL ACTION NO. 18-0068** |
| *Plaintiff* | * | |
| | * | **SECTION "P"** |
| **VERSUS** | * | |
| | * | **JUDGE TERRY A. DOUGHTY** |
| | * | |
| **JACQUE DERR, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND DEFENSES**

**NOW INTO COURT,** through undersigned counsel comes Defendant, Winn Parish Sheriff Cranford Jordan, who answers Plaintiff's Complaint,[1] 1st Amended Complaint,[2] 2nd Amended Complaint,[3] and 3rd Amended Complaint[4] as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against the defendants upon which relief can be granted.

**SECOND DEFENSE**

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

**THIRD DEFENSE**

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

---

[1]   Rec. Doc. No. 1.
[2]   Rec. Doc. No. 15.
[3]   Rec. Doc. No. 17.
[4]   Rec. Doc. No. 18.

## FOURTH DEFENSE

Defendants categorically paragraph by paragraph allege and aver as follows:

1.

Defendant denies the allegations contained in Paragraph I of the Complaint for lack of sufficient information upon which to justify a belief therein.

2.

Paragraph 2 of the Compliant does not appear to contain any allegations to which a response is required.  To any extent that a response may be deemed required, Defendant denies the allegations contained in Paragraph II of the Complaint.

3.

Defendant admits his status as the Sheriff of Winn Parish.  Defendant denies the remaining allegations contained in Paragraph III of the Complaint for lack of sufficient information upon which to justify a belief therein.

4.

Defendant denies that the plaintiff fell in the shower due to any defect.  Defendant denies that the plaintiff was denied medical treatment or that medical treatment was delayed by any fault of Defendant.  Defendant denies Plaintiff's alleged timeline of events on the date of his alleged fall.  Defendant denies that the plaintiff submitted any sick calls to the Winn Parish Jail that were unanswered.  Defendant denies Plaintiff's characterization of any alleged discharge instructions allegedly provided to him at the time of the hospital visit on the date of the alleged injury.  Defendant specifically denies any allegations of fault directed toward him in Paragraph IV of the Complaint (and its attachments) as well as any and all legal conclusions contained

therein.  Defendant denies the remaining allegations of Paragraph IV of the Complaint (and its attachments) for lack of sufficient information upon which to justify a belief therein.

5.

Paragraph V of the Complaint appears to contain no allegations to which a response is necessary, but to the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph V of the Complaint.

6.

Paragraph VI of the Complaint appears to contain no allegations to which a response is necessary, but to the extent that a response is deemed necessary, Defendant denies the allegations contained in Paragraph VI of the Complaint.

7.

The 1st Amended Complaint (Rec. Doc. No. 15) consists of 29 pages of largely unnumbered sentences.

   a.  Defendant denies the entirety of page 1 of Rec. Doc. No. 15.

   b.  Defendant denies the first paragraph of page 2 of Rec. Doc. No. 15.

   c.  Defendant denies the remaining allegations of page 2 of Rec. Doc. No. 15 for lack of sufficient information upon which to justify a belief therein.

   d.  Defendant denies the allegations of pages 3 through 6 of Rec. Doc. No. 15 for lack of sufficient information upon which to justify a belief therein.

   e.  Defendant denies the allegations of pages 7 through 11 of Rec. Doc. No. 15.

   f.  Defendant denies the allegations of page 12 and the first paragraph of page 13 of Rec. Doc. No. 15 for lack of sufficient information upon which to justify a belief therein.

g.  Defendant denies the second paragraph of page 13 and the entirety of page 14 of Rec. Doc. No. 15 up until the point where plaintiff's allegations shift to the Jackson Parish Correctional Center.  The remaining allegations are denied for lack of sufficient information upon which to justify a belief therein.

h.  Defendant denies the allegations found on pages 15 through 21 of Rec. Doc. No. 15 for lack of sufficient information upon which to justify a belief therein.

i.  Defendant denies that the plaintiff filed any sick calls or ARPs in the Winn Parish Jail.  Defendant denies that he has denied or hindered the plaintiff's medical care. Defendant denies the remaining allegations of page 22 for lack of sufficient information upon which to justify a belief therein.

j.  Defendant denies the allegations found on page 23 of Rec. Doc. No. 15.

k.  Defendant denies all allegations directed toward him on pages 24 through 29 of Rec. Doc. No. 15.  The remainder of the allegations contained therein are denied for lack of sufficient information upon which to justify a belief therein.

8.

The 2nd Amended Complaint (Rec. Doc. No. 17) consists of five pages of unnumbered sentences concerning events taking place after the plaintiff left the Winn Parish Jail.  Defendant denies the entirety of the allegations contained in Rec. Doc. No. 17 for lack of sufficient information upon which to justify a belief therein.

9.

The 3rd Amended Complaint (Rec. Doc. No. 18) consists of three pages of unnumbered sentences concerning events taking place after the plaintiff left the Winn Parish Jail. Defendant denies the entirety of the allegations contained in Rec. Doc. No. 18 for lack of sufficient information upon which to justify a belief therein.

10.

Defendant, out of an abundance of caution, denies any and all other and remaining allegations, including all those that are numbered, labeled, unnumbered, unlabeled, mis-numbered, mislabeled, included as subsections to other paragraphs or sections, or that are construed to be amendments, supplements, or additions not herein answered, as they pertain to any named, misnamed, or unnamed defendant(s).

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter, inasmuch as the Complaint fails to state a proper claim of relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

Defendant herein pleads that any actions taken by him or his employees were taken by them in good faith and with probable cause, without malice and under laws believed to be constitutional.

**SEVENTH DEFENSE**

In the alternative, defendant avers that plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom this defendant exercises no authority jurisdiction or control and for whose actions he is not legally responsible.

**EIGHTH DEFENSE**

Defendant avers that, at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

**NINTH DEFENSE**

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

**TENTH DEFENSE**

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest available to defendant under the law.

**ELEVENTH DEFENSE**

Despite having adequate and reasonable opportunity to do so, Plaintiff failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

**TWELFTH DEFENSE**

Defendant herein pleads that to the extent that any acts or omissions of the defendant was a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendant is immune from liability under La. R.S. 9:2798.1.

**THIRTEENTH DEFENSE**

The claims are barred by the applicable statute of limitations or prescriptive period.

## FOURTEENTH DEFENSE

Plaintiff failed to exhaust the available administrative remedies as required by 42. U.S.C. 1997e.

**WHEREFORE,** Defendant prays that this answer be deemed good and sufficient and that, after all due proceedings, there be judgment herein, dismissing Plaintiff's Complaint with prejudice at his costs, and for all other general and equitable relief.

Respectfully submitted,

/s/Ronald S. Bryant
TIMOTHY R. RICHARDSON (LSBN 27625)
RONALD S. BRYANT (LSBN 36110)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Phone: (504) 592-4600
Fax:    (504) 592-4641
Email:  sbryant@usryweeks.com
***Counsel for the Winn Parish Sheriff***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of August, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

/s/Ronald S. Bryant
