**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LANE CARTER                                    CIVIL ACTION NO: 3:18-CV-00068
  LA. DOC #15199

VERSUS                                         SECTION P

                                               JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL             MAGISTRATE JUDGE KAREN L. HAYES

### ANSWER TO COMPLAINT AND ALL AMENDED COMPLAINTS

**NOW INTO COURT,** through undersigned counsel, come LaSalle Corrections, LLC and

Sheriff Andy Brown, Sheriff of Jackson Parish (hereinafter referred to as "Defendants"), who deny

all allegations of the Complaint, and all Amended Complaints, and all other filings and pleadings

of Lane Carter (hereinafter referred to as "Carter"), except for those allegations which are admitted,

modified or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint, all Amended Complaints, and all other filings and pleadings of Carter fail

to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint, all Amended Complaints, and all other filings and pleadings of Carter do not

set-out federal subject matter jurisdiction.

### THIRD DEFENSE

Carter  failed to timely and/or properly initiate and/or exhaust the administrative remedy

procedures and/or grievance procedure as to all of his claims.  Accordingly, Carter cannot proceed

with the suit.

## FOURTH DEFENSE

Defendants deny that either were properly served with suit.

1.

Defendants deny that Carter was subjected to cruel and unusual punishment.

2.

Defendants deny that Carter received inadequate medical care.

3.

Defendants deny that Carter was retaliated against for anything.

4.

Defendants deny that Carter was subjected to any unconstitutional actions or conditions.

5.

Defendants deny that Carter failed to receive the medications to which he was entitled and/or prescribed.

6.

Defendants deny that Carter was unable to secure grievance forms and/or was not afforded the opportunity to file such forms.

7.

Defendants deny that Carter filed or turned in for review any grievance and/or administrative remedy procedure forms concerning his complaints.

8.

Defendants deny that Carter suffered any deprivation of any right or privilege.

9.

Sheriff Brown denies that he had any personal knowledge of Carter's physical or medical condition(s), whether he was receiving any medical care or whether he was in need of medical care at the date and times alleged by Carter.

10.

Sheriff Brown denies that he failed to provide adequate medical care as alleged by Carter.

11.

LaSalle Corrections, LLC denies that it or anyone for whom it may be legally responsible had any knowledge of Carter's physical condition, whether he was receiving any medical care or whether he was in need of medical care at the date and times alleged.

12.

LaSalle Corrections, LLC denies that it, or anyone for whom it may be legally responsible, denied medical care or provided inadequate medical care, as alleged by Carter.

13.

Based upon information and belief, if Carter was in need of medical care or received medical care, then the best evidence of that care are the medical records of Carter from his various healthcare providers. Defendants deny that either had knowledge that Carter was entitled to or in need of any accommodations while incarcerated.

14.

Carter's Complaint, Amended Complaints and various filings contain allegations as to events that occurred prior to his incarceration at the Jackson Parish Correctional Center. Accordingly, Defendants deny all such allegations for lack of sufficient information upon which to base a belief.

15.

Sheriff Brown denies that he had knowledge that Carter had fallen at the Jackson Parish Correctional Center or that Carter may have been in need of medical care after the alleged fall.

16.

LaSalle Corrections, LLC denies that it or anyone for whom it may be legally responsible had any knowledge that Carter had fallen at the Jackson Parish Correctional Center or that Carter may have been in need of medical care after the alleged fall.

**FIFTH DEFENSE**

All actions taken by Sheriff Brown were actions taken by an official who had a reasonable, good-faith belief that his actions were legal and constitutional and thus he is entitled to the good faith defense and/or qualified immunity.

**SIXTH DEFENSE**

Defendants aver that Carter's claims made under 42 U.S.C. § 1983, et seq., will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorney's fees.

**SEVENTH DEFENSE**

It is further submitted that Carter's claims will be found frivolous and that he be subject to all sanctions allowed by law, including, but not limited to, 28 U.S.C. § 1915, et seq., and 42 U.S.C. § 1997, et seq.

WHEREFORE, Defendants, Lasalle Corrections, LLC, and Sheriff Andy Brown, Sheriff of Jackson Parish, pray that:

1.    This Answer be deemed good and sufficient;

2.    After due proceedings are had, there be judgment herein dismissing the claims of plaintiff, at his costs;

3.    For all costs herein, including reasonable attorney's fees;

4.    That plaintiff's claims be declared frivolous; and

5.    For all other just, general and equitable relief.

Respectfully submitted,
PROVOSTY, SADLER, & deLAUNAY, APC

By:  /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P. O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/445-9377
ATTORNEYS FOR DEFENDANTS,
LASALLE CORRECTIONS, LLC, AND
SHERIFF ANDY BROWN, SHERIFF OF
JACKSON PARISH

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of August, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:  None

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants:

Plaintiff,
Lane Carter (15199)
PRO SE
Jackson Parish Correctional Center
Phase II
287 Industrial Drive
Jonesboro, Louisiana 71251

 /s/ H. Bradford Calvit
H. BRADFORD CALVIT