**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LANE CARTER                                      CIVIL ACTION NO. 18-0068

                                                 SECTION P

VS.

                                                 JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                              MAG. JUDGE KAREN L. HAYES

## <u>MEMORANDUM ORDER</u>

Before the undersigned are two motions for leave to supplement, [doc. #s 47, 70], filed by Plaintiff Lane Carter, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis. Defendants oppose the motions. [doc. #s 52, 74]. For reasons that follow, the motions are denied.

## <u>Background</u>

Plaintiff filed this proceeding on approximately January 18, 2018. [doc. # 1]. He filed an amended pleading on May 16, 2018, in response to the undersigned's order to amend. [doc. # 15]. He filed a second amended pleading on June 5, 2018, in response to the undersigned's second order to amend. [doc. # 17]. He filed a third amended pleading on June 6, 2018. [doc. # 18]. On June 13, 2018, following the undersigned's Report and Recommendation, Plaintiff filed a fourth amended pleading. [doc. # 22].

Under the Court's June 13, 2018 Memorandum Order, the parties were required to complete all discovery by November 6, 2018, and to file either a motion for summary judgment or a statement of issues by December 6, 2018. [doc. # 20]. Plaintiff filed his first motion for leave to supplement on October 10, 2018. [doc. # 47]. On November 6, 2018, Defendant Winn Parish Police Jury filed a motion for summary judgment. [doc. # 49]. Plaintiff responded to the

motion for summary judgment on November 19, 2018, and Defendant replied on November 26, 2018.  [doc. #s 54, 57].

Defendant Cranford Jordan filed a motion for summary judgment on December 4, 2018. [doc. # 59].  Plaintiff responded to the motion on December 19, 2018, and Defendant replied on December 27, 2018.  [doc. #s 67, 68].

On December 7, 2018, Defendants Andy Brown and LaSalle Corrections, LLC filed a motion for summary judgment.  [doc. # 64].  Plaintiff responded on December 27, 2018.  [doc. #s 69, 71].  Plaintiff filed his second motion for leave to supplement on December 21, 2018.  [doc. # 70].

In his first motion for leave to supplement, Plaintiff alleges that, on October 4, 2018, Sergeant Horton, a non-party, refused to give him a plastic trash bag to cover his wheelchair while showering.[1]  [doc. # 47, p. 1].  Instead, Horton responded to Plaintiff's request with expletives and a derogatory comment about Plaintiff's ability to ambulate.  *Id.*  Plaintiff alleges that Horton harasses him every day about his "medical condition and when he is the employee passing out medication [he] says things like, 'if you want these pills, walk over here an get them,' and 'I know you can walk if you want your pills bad enough.'"  *Id.* at 2.  The harassment allegedly worsened after Plaintiff's September 20, 2018 deposition.  *Id.*

In his second motion for leave to supplement, Plaintiff alleges that "employees" delayed his incoming legal mail, which caused him to miss opportunities to object and shortened the time he had to "return things to [the] court . . . ."  [doc. # 70, p. 1].  He also alleges that the law library

---

[1] Plaintiff explains that he needed the trash bag because officials denied his prior requests for either a shower chair or a handicap-accessible shower.  *Id.*

has not responded to his six requests for information, which restricts his ability to respond to Defendants' motions for summary judgment. *Id.* at 2. Plaintiff argues: "If there are particular motions I need to file, I'm unaware of them and have no way to find out what they would be . . . ." *Id.*

## Law and Analysis

In the instant motions, Plaintiff names new defendants and raises new causes of action concerning events that occurred after he initiated this proceeding; consequently, Plaintiff essentially seeks leave to supplement his pleadings.[2] See *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989) (finding that an amended complaint concerns allegations of events occurring *prior* to the original complaint); see also *Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir. 2018) ("Although Rule 15(a) provides that leave to *amend* should be freely granted, Rule 15(d) does not contain such a provision with respect to *supplementation*.").

Under Federal Rule of Civil Procedure 15(d) (emphasis added), "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." The Fifth Circuit has indicated that, when determining whether to permit supplementation, courts should consider the same factors that apply when determining whether to grant leave to amend. See *Chemetron*

---

[2] The undersigned does not construe Plaintiff's concern with mailing delays as a motion for extension of time because Plaintiff does not identify a particular deadline that he seeks to extend. Rather, he alleges that he missed opportunities to object to "things" and that, because of the delays, he had less time to comply with prior deadlines. Similarly, the undersigned does not recognize a motion to compel or a request for a subpoena because, while Plaintiff claims that his lack of access to the law library hampered his ability to "get any information," he neither contends that Defendants refuse to produce evidence nor identifies any evidence that he seeks from a non-party.

*Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), vacated on unrelated grounds by *Chemetron Corp. v. Bus. Funds, Inc.*, 460 U.S. 1007 (1983).  Those factors include: "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Id.*

Supplementing is futile if the supplemental allegations would fail to state a claim on which relief could be granted.  See *Connor*, 719 F. App'x at 380 (denying supplementation because the supplemental allegations would not state a claim under Section 1983); see also *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  That in mind, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The statute clearly requires an inmate bringing a civil rights action to exhaust his available administrative remedies before filing suit.  See *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court; it is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  "[D]istrict courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

Here, Plaintiff's claims arose after he initiated suit.[3]  *A fortiori*, then, Plaintiff could not have exhausted his new claims before filing suit.[4]  See *Torns v. Miss. Dep't of Corr.*, 301 Fed.

---

[3] Plaintiff admits that there is a prison grievance procedure at his facility and that he used it to seek redress for the claims in his original Complaint.  [doc. # 1, p. 2].

[4] See *Davis v. Hinton*, 2017 WL 5707540, at *8 (S.D. Miss. Nov. 27, 2017) ("To the extent that [the plaintiff] asserts a claim of retaliation for filing the instant suit, his claim must be

4

App'x. 386, 388 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion."). As Plaintiff did not exhaust the claims before he filed suit, he does not present claims on which relief may be granted,[5] and supplementing his pleadings would therefore be futile.[6] Thus, Plaintiff's motions for leave to supplement are denied.[7]

As a final note, Plaintiff is concerned that, because he is unable to access the law library, he cannot determine whether he should file a particular motion or whether it is appropriate to continue amending his claims. [doc. # 70, pp. 2-3]. While the Court cannot advise Plaintiff on a particular course of action, the undersigned highlights that Defendants' motions for summary judgment are currently under review. Plaintiff is not required to file anything further at this time.

---

dismissed for failure to exhaust the claim before filing suit."); *Clark v. Banks*, 2018 WL 1866619, at *6 (S.D. Miss. Jan. 2, 2018), report and recommendation adopted, 2018 WL 783075 (S.D. Miss. Feb. 8, 2018) (finding that the plaintiff "could not possibly have exhausted his claim before filing his Complaint" because he alleged that the defendant "retaliated against him for filing" the lawsuit).

[5] District courts "may, sua sponte, 'dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.'" *Hicks v. Garcia*, 372 F. App'x 557, 557–58 (5th Cir. 2010) (quoting *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

[6] See *Garcia v. Hackman*, 2011 WL 2457918, at *20 (S.D. Tex. June 16, 2011) (finding an amendment to add a retaliation claim futile because the claim was "plainly" unexhausted); *Huff v. Crites*, 2010 WL 3909357, at *3 (S.D. Tex. Oct. 1, 2010) (finding that an amendment to add a claim of retaliation for filing suit was futile because the inmate-plaintiff did not first exhaust his complaint "through the prison grievance system."); *Ford v. Register*, 2010 WL 5678669, at *5 (N.D. Tex. Dec. 23, 2010), report and recommendation adopted, 2011 WL 323575 (N.D. Tex. Jan. 31, 2011); *Authement v. Terrebonne Par. Sheriff's Office*, 2009 WL 4782368, at *6 (E.D. La. Dec. 3, 2009).

[7] Plaintiff should first seek redress through the correctional facility's administrative grievance procedure and, to the extent he does not obtain the relief he seeks or to the extent he has already exhausted his administrative remedies, he should initiate a new proceeding.

**<u>Conclusion</u>**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Lane Carter's motions for leave to supplement, [doc. #s 47, 70], are **DENIED**.

In Chambers, Monroe, Louisiana, this 15th day of February, 2019.

 

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE