**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **LANE CARTER** | * | **CIVIL ACTION NO.   18-0068** |
| | | **Section P** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **JACQUE DERR, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## O R D E R

Plaintiff pro se Lane Carter, who is proceeding in forma pauperis in this matter, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on January 18, 2018, against defendants, Judge Jacque Derr, Winn Parish Sheriff Cranford Jordan, the Winn Parish Jail, and the Jackson Parish Correctional Center ("JPCC").[1]   Plaintiff, a former pretrial detainee, alleged that he slipped and fell in the showers at the Winn Parish Jail and the JPCC.   Thereafter, he complained that he did not receive adequate medical care and asserted that defendants failed to accommodate his limited mobility.   Carter seeks medical treatment for his physical and mental injuries, as well as an unstated amount of compensatory damages.

Following motion practice, plaintiff's cause of action was whittled down to claims under the Americans with Disabilities Act ("ADA") and Article I, § 12 of the Louisiana Constitution against Sheriff Brown, in his official capacity, plus state law tort claims against Sheriffs Jordan and Brown, in their official capacities.   *See* July 15, 2019, Judgment [doc. # 84].

Because no party made a demand for jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure, the District Court referred this matter to the undersigned to hold an evidentiary hearing pursuant to *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), modified on other

---

[1]   Along the way, he amended his complaint on at least three occasions.

grounds, 964 F.2d 400 (5th Cir.1992), which "amounts to a bench trial replete with credibility determinations and findings of fact."   *McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir.1995). Accordingly,

**IT IS ORDERED** that an evidentiary hearing will be held before the undersigned magistrate judge on **October 15, 2019**, **at 9:30 a.m.** in the third floor courtroom at the federal courthouse, 201 Jackson Street, Monroe, Louisiana.   **This hearing will be a complete hearing of all witnesses and evidence to be presented by all parties of record, as to all remaining issues in the case.**   Following this hearing, the undersigned will make findings of fact, including credibility determinations, and issue a report and recommendation to the district court on the merits of the plaintiff's claims pursuant to 28 U.S.C. § 636(b)(1)(B).

**IT IS FURTHER ORDERED** that in lieu of participating in a formal pretrial conference in this case, the plaintiff and the defendants shall file with the Clerk of Court, and send copies to each other, no later than **October 1, 2019**, a pretrial memorandum which shall be prepared by filling out the forms for a pretrial memorandum.[2]   If the attached forms do not have enough space for all information a party wishes to submit, then the party shall attach additional pages.

Each exhibit listed in the memoranda shall be described sufficiently so that it can be identified as the listed item at the time of the hearing.   Copies of all exhibits that are capable of being reproduced by Xerox or similar copying machine shall be provided by each party to his opponent or his opponent's attorney no later than **September 23, 2019.**   If the authenticity of any such exhibit is disputed, a list of the disputed exhibits, and the reason for the dispute, shall

---

[2]   A copy of the forms may be found on the court's website under Prisoner Civil Rights Hearing Forms:   https://www.lawd.uscourts.gov/content/magistrate-judge-karen-l-hayes

be stated as a part of the pretrial memorandum that is due on **October 1, 2019**.

**IT IS FURTHER ORDERED** that the notice of procedures for prisoner civil rights hearings, including the two-page attachment, is incorporated herein by reference.[3]   Plaintiff should take special notice of the attachment which sets out the procedures for subpoenaing witnesses or otherwise obtaining their attendance at the hearing, and he should begin at the earliest possible date to take whatever steps are necessary to assure the attendance of the witnesses.   If plaintiff is unable to obtain the one-page notice or the two-page attachment, then he must immediately notify the court.

In Chambers, at Monroe, Louisiana, this 27th day of August 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3]   The parties may find a copy of the notice on the court's website: https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/LAWD_KLH_Pretrial_Memorandum_Instructions.pdf

3