**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

LANE CARTER #465686                                      CASE NO. 3:18-CV-00068 SEC P

VERSUS                                                  JUDGE DOUGHTY

JACQUE DERR ET AL                                       MAG. JUDGE KAREN L.
                                                        HAYES

## SCHEDULING ORDER

In accordance with Rule 16(b) of the Federal Rules of Civil Procedure, the following dates are set on the docket of Magistrate Judge Karen L. Hayes:

**August 24, 2020 at 9:00A.M.**          **EVIDENTIARY HEARING[1]**
                                         **2nd Floor, Monroe LA**

**July 23, 2020 at 11:00 a.m.**          **PRETRIAL CONFERENCE**

**July 20, 2020 by 5:00 P.M.**           **PRETRIAL ORDER***
                                         *See format on Judge Hayes's forms page at
                                         www.lawd.uscourts.gov.

### SPECIAL REQUIREMENTS ENFORCED BY THE COURT

A.     **Motions to Extend Deadlines**.   A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date.   Filing a motion to extend a deadline does not, in and of itself, result in an extension of time.   Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than the day before the existing deadline.

B.     **Dispositive Motion Deadline.**   Motions to extend the dispositive motion deadline are disfavored and will be granted only in exceptional circumstances.

C.     **Motions to Continue Trial.**   Except in extraordinary situations, no motion to continue the trial because of a trial conflict will be considered earlier than one month prior to the date of the trial.

D.     **Scheduling Conferences**.   The Court does not hold scheduling conferences to reschedule trial dates. If the Court feels a conference would be helpful, it will refer the matter to the Magistrate Judge for a conference at that time.

---

[1] The evidentiary hearing is held pursuant to the District Court's referral and *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir.1992), which "amounts to a bench trial replete with credibility determinations and findings of fact."  *McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir.1995).

**E.**    **Courtesy Copies.**   An electronic copy of the motion and all memoranda only (no attachments) shall be e-mailed in WordPerfect or Word Format to: Hayes_motions@lawd.uscourts.gov. If attachments to the motion or response exceed 15 pages, paper copies of the attachments shall be provided to chambers:

>      Hon. Karen L. Hayes
>      United States Magistrate Judge
>      201 Jackson Street, Suite 215
>      Monroe, Louisiana 71201

**F.**    **Exhibit Numbers.**   Each exhibit must carry the <u>same</u> unique exhibit number throughout the litigation, including motion practice, depositions, and trial.   Thus, an exhibit attached to a motion for summary judgment must have the same exhibit number assigned to that document during written discovery and/or depositions.   The exhibit numbers need not be sequential, but they must be unique and consistent as to each exhibit and cannot bear a party or witness designation.

**G.**    **Exhibits For Court Proceedings.**

**THIS SECTION HAS CHANGED.   PLEASE READ CAREFULLY.**

**Counsel for each party will be responsible for presenting their own evidence.**

In **jury** trials, all exhibits and depositions will be displayed to the jury on the electronic monitors in the courtroom. One paper copy of the exhibits admitted into evidence shall be provided for use during jury deliberations.   That copy will be returned at the end of the trial.   Additionally, and in accordance with the Notice Regarding Exhibits For Court Proceedings, an electronic copy of the exhibits Must also be submitted to the Court.

In **bench** trials, exhibits may be displayed on the electronic monitors in the Courtroom or counsel may provide bench books for the Judge, Law Clerk and witness. Additionally, and in accordance with the Notice Regarding Exhibits For Court Proceedings, an electronic copy of the exhibits Must also be submitted to the Court.

**H.**    **Joint Submissions.**   It is the duty of all counsel to notify the Court <u>in</u> <u>writing</u> if, after good faith reasonable effort, any party cannot obtain the cooperation of opposing counsel on matters requiring joint submissions, including the Pretrial Order, Joint Jury Instructions, Joint Jury Verdict Form, or edited trial depositions.

**I.**    **Trial Depositions.**   Unless excused by Judge Hayes for good cause shown, trial depositions in **jury** cases shall be videotaped.   Any depositions that are intended to be used in evidence (other than for impeachment only) must be taken by video.   Naturally, if a witness becomes unavailable unexpectedly, a deposition may still be read to the jury.   However, parties are responsible for providing their own readers.

**J.**    **Computation of Deadlines.**   If a deadline falls on a Saturday, Sunday, or federal holiday, the effective date is the first business day following the deadline.

**K.**      **Notification of Settlement.**   If parties reach a settlement, they are to file a Notice of Settlement immediately.   The Court will then issue an order allowing the parties 60 days to consummate the settlement and file a Joint Stipulation of Dismissal.

**L.**      **Judgments.**   Within 21 days of the Court's or the jury's ruling at the conclusion of a trial, counsel shall submit a proposed judgment, approved as to form by both sides.   If counsel cannot agree on a judgment, then each side must submit its own proposed judgment with an explanation of objections to the other party's proposed judgment within the 21-day period.

**M.**      **Communication with the Court.**   Counsel are reminded that they should refer to this Scheduling Order, the Federal Rules of Criminal or Civil Procedure, the Local Rules for the Western District of Louisiana, and the Guide to Practice on the Court's website (www.lawd.uscourts.gov) **prior** to contacting Chambers.   Counsel are further reminded that if they wish to discuss a substantive matter they should file a motion for a telephone status conference.   If it is a matter of urgency, counsel should initiate a telephone conference call with opposing counsel prior to contacting Chambers staff.

**N.**      **Facsimile Transmissions.**   Counsel shall not fax pleadings, courtesy copies, or correspondence to Chambers without specific prior permission.

**O.**      **Mediation.**   If all counsel are interested in mediation, they may contact Magistrate Judge Hayes for referral to another United States Magistrate Judge willing to mediate their case.

**PRETRIAL DEADLINES**

**1.**      **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

     **November 12, 2019**         Deadline for joinder of parties and amendment of pleadings.

**2.**      **WITNESS LISTS.** All witness lists exchanged by the parties shall include the name and address of the witness and a brief statement of the nature of the witness's expected testimony.   This requirement does not preclude earlier disclosure if requested by counsel in formal discovery.   Additionally, parties are required to supplement their list immediately with the names of any additional witnesses who become known after the date the initial witness list is due.

| Date | | Item |
|------|------|------|
| **February 07, 2020** (165 days before PTC) | a. | Plaintiff's witness list delivered to defendant. |
| **February 19, 2020** (155 days before PTC) | b. | Defendant's witness list delivered to plaintiff. |
| **February 19, 2020** (155 days before PTC) | c. | Plaintiff identifies experts to opposing party. |
| **March 05, 2020** (140 days before PTC) | d. | Defendant identifies experts to opposing party. |

These initial witness lists shall not be filed.

**3.      EXPERT REPORTS.** Expert reports to be disclosed in compliance with Fed.R.Civ. P. 26(a)(2)(B), except for the listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years, shall be delivered to opposing party.   If there is any subsequent change in the expert's opinion or its basis, the offering attorney must notify all counsel within 7 days.   This requirement does not preclude earlier disclosure if requested by counsel in formal discovery.

**February 24, 2020**          a.  Plaintiff's expert reports delivered to defendant.
(150 days before PTC)

**March 10, 2020**          b.  Defendant's expert reports delivered to plaintiff.
(135 days before PTC)

**4.      TREATING HEALTH CARE PROVIDERS.**   Treating health care providers are not considered experts under the Federal Rules of Civil Procedure and not subject to the provisions for experts in this Scheduling Order.   However, the Court requires that reports of treating health care providers, if any, be furnished to opposing counsel immediately upon receipt.

**5.      DISCOVERY.**

**April 21, 2020**          Discovery completion deadline.
(135 days before PTC)          To allow time for responses, written discovery must be served more than thirty (30) days before the deadline.

**6.      MOTIONS TO COMPEL**

**March 10, 2020**          Deadline for filing motions to compel.

**7.      EXPERT DEPOSITIONS**

**April 09, 2020**          Unless deposed earlier, experts must be available for deposition during
(105 days before PTC)          the two weeks before this date.

**8.      DISPOSITIVE MOTIONS**

**May 21, 2020**          Deadline for filing dispositive motions.

**9.      PRETRIAL ORDER**

**June 19, 2020**
(30 days before PTO filed)

|  | a. No later than this date, counsel for plaintiff shall serve upon counsel for all other parties the proposed contents of the pretrial order. |
|---|---|
| **June 25, 2020**<br>(25 days before PTO filed) | b. No later than this date, defense counsel shall serve upon counsel for all other parties all matters to be incorporated in the pretrial order. Additionally, defense counsel should submit any objections or changes to the proposals served by counsel for plaintiff. |
| **June 30, 2020**<br>(20 days before PTO filed) | c. All trial counsel shall confer to prepare the proposed pretrial order. The Court prefers that such conference occur in person, but should a face-to-face meeting not be feasible or practical, counsel may confer by telephone. |
| **July 13, 2020**<br>(7 days before PTO filed) | d. It is the duty of all counsel to notify the Court in writing no later than 7 days before the pretrial order is to be filed, if, after reasonable effort, any party cannot obtain the cooperation of other counsel. |
| **July 20, 2020**<br>(Monday before PTC) | e. The proposed PRETRIAL ORDER must be filed with the Clerk of Court by 5:00 P.M.   FAILURE TO COMPLY MAY RESULT IN SANCTIONS.   The parties shall also file their EXHIBIT LISTS and WITNESS LISTS **separately** (*see* formats available on Judge Hayes's forms page at www.lawd.uscourts.gov). |

## 10.    PRETRIAL CONFERENCE

| **July 23, 2020**<br>**at 11:00 a.m.** | All trial counsel must attend in person unless granted **prior permission** by the Magistrate Judge to participate by telephone. |
|---|---|

## 11.    MOTIONS IN LIMINE

| **June 26, 2020**<br>(26 days before PTC) | Deadline for filing motions in limine. |
|---|---|

## 12.    EXCHANGE OF EXHIBITS

| **June 30, 2020**<br>(Day counsel confer to prepare PTO) | Exchange of a numbered set of all exhibits between counsel, in accordance with Special Requirements, Item E. |
|---|---|

## 13.    PRETRIAL SUBMISSIONS

All pretrial submissions shall be filed with the Clerk of Court no later than 4:30 P.M. on the date specified below.  **Sanctions may be imposed by the Court for failure to comply.**

**a.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (BENCH TRIALS/EVIDENTIARY HEARINGS)**

| | |
|---|---|
| **August 14, 2020**<br>(10 days before trial) | Counsel for each party shall file a memorandum setting forth its proposed findings of fact and conclusions of law.   Proposed findings of fact shall be in the form of an outline listing EACH WITNESS including any witness testifying by deposition.   Under the name of each witness shall be a numbered list of the proposed facts that witness will testify to.<br><br>Proposed conclusions of law shall consist of a statement of the controlling law, as well as an application of the facts in the case to the controlling law.   Proposed conclusions of law shall include pinpoint legal citations to supporting authority. |

**b.   JOINT BENCH VERDICT FORM (BENCH TRIALS/EVIDENTIARY HEARINGS)**

| | |
|---|---|
| **August 14, 2020**<br>(10 days before trial) | Counsel shall also file a JOINT VERDICT FORM, similar to a jury verdict form, for use by the Court as a checklist to ensure that all claims are resolved.   The form shall be ONE DOCUMENT PREPARED JOINTLY BY ALL PARTIES.   Any contested interrogatories should be clearly labeled. |

**c.   JOINT JURY INSTRUCTIONS AND VERDICT FORM (JURY TRIALS)**

| | |
|---|---|
| **August 14, 2020**<br>(10 days before trial) | Joint proposed jury instructions shall be filed.   They shall also be submitted to Chambers by e-mail to Hayes_motions@lawd.uscourts.gov in Word, WordPerfect or Rich Text format.   The proposed jury instructions shall consist of ONE RUNNING SCRIPT, PREPARED JOINTLY, based on the Fifth Circuit's Pattern Civil Jury Instructions. Counsel shall cite to all Fifth Circuit Pattern Instructions by number.   Any non-pattern instructions shall include pinpoint citations to legal authority. Any contested instructions should be clearly labeled and followed by the objection of the opposing party with any applicable legal authority for the objection.<br><br>A joint proposed jury verdict form shall also be filed.   The verdict form shall also be submitted by e-mail to Hayes_motions@lawd.uscourts.gov in Word, WordPerfect or Rich Text Format.   The proposed verdict form shall be ONE DOCUMENT PREPARED JOINTLY BY ALL PARTIES.   Any contested interrogatories should be clearly labeled and followed by the objection of the opposing party with any applicable legal authority for the objection. |

**d.   PRETRIAL MEMORANDA (JURY AND BENCH TRIALS/EVIDENTIARY HEARINGS)**

**July 20, 2020**
(Monday before PTC)

Each party shall file a memorandum on the following if applicable, and provide a courtesy copy to chambers.

### i.  CONTESTED ISSUES OF LAW

All parties shall file memoranda on any contested issues of law to be decided by the Court.

### ii.  OUTSTANDING DISCOVERY ISSUES

All parties shall file memoranda on any outstanding discovery issues, including any issues relating to expert qualifications and testimony.

### iii.  OBJECTIONS TO TRIAL DEPOSITIONS (JURY AND BENCH TRIALS/EVIDENTIARY HEARINGS)

All parties shall file memoranda on objections to trial depositions, if any.

**Counsel shall be prepared to discuss these submissions at the Pre-Trial Conference.**

THUS DONE in Chambers on this 10th day of October, 2019.

KAREN L. HAYES
United States Magistrate Judge