## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

LANE CARTER                                    CIVIL ACTION NO. 18-0068

                                               SECTION P

VERSUS

                                               JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                            MAG. JUDGE KAREN L. HAYES

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Lane Carter's ("Carter") Opposed Motion for Reconsideration of the Order for Summary Judgment ("Motion for Reconsideration") [Doc. No. 99]. Carter moves the Court to reconsider that portion of its July 15, 2019 Judgment [Doc. No. 84] adopting the Report and Recommendation of Magistrate Judge Hayes [Doc. No. 80] and dismissing claims against "LaSalle Corrections."

Prior to August 2019, Carter was incarcerated and representing himself.[1] He named "LaSalle Corrections" as a Defendant based on information his mother had been able to locate by conducting a Google search. LaSalle Corrections, LLC ("LaSalle Corrections"), then appeared and answered to the claims against "LaSalle Corrections." [Doc. No. 29]. Although represented by the same counsel, LaSalle Management Company, LLC, did not appear or answer.

---

[1]On August 5, 2019, Carter filed a notice of change of address stating that he had been released from jail and providing his new address. [Doc. No. 85]. On August 29, 2019, the Court received a motion for counsel to enroll on Carter's behalf. [Doc. No. 88]. That motion was granted on September 3, 2019. [Doc. No. 89].

In response to Magistrate Judge Hayes' order, [Doc. No. 20], to Defendants to answer Carter's discovery, on August 21, 2018, LaSalle Corrections, LLC, filed a Notice of Compliance, stating that it was "not in possession of any records." [Doc. No. 33].

On December 7, 2018, Sheriff Andy Brown and LaSalle Corrections, LLC, filed a Motion for Summary Judgment [Doc. No. 64], contending that they were entitled to dismissal of Carter's claims. After briefing was complete, on June 19, 2019, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 80], recommending that the Court (1) grant the Motion for Summary Judgment [Doc. No. 49] filed by the Winn Parish Police Jury; (2) grant in part and deny in part the Motion for Summary Judgment [Doc. No. 59] filed by Winn Parish Sheriff Cranford Jordan; and (3) grant in part and deny in part the Motion for Summary Judgment [Doc. No. 64] filed by Jackson Parish Sheriff Andy Brown and LaSalle Corrections, LLC. She recommended that the claims against "LaSalle Corrections" be dismissed in their entirety. On July 15, 2019, the Court adopted the Report and Recommendation and, among other actions, dismissed all claims against "LaSalle Corrections." [Doc. No. 84].

After counsel was enrolled on September 3, 2019, the Court granted Carter additional time to conduct discovery because he was previously "unrepresented, incarcerated, and because of his lack of legal knowledge, was unable to participate in meaningful discovery . . . ." [Doc. No. 93]. The parties engaged in discovery, and for the first time, Sheriff Brown disclosed that there was a "Princeton Excess and Surplus Lines Insurance Policy," and that Policy named as its insured LaSalle Management Company, LLC. [Doc. No. 99-3, p. 5]. Jackson Parish Correctional Center, LLC, is listed as a facility covered under LaSalle Management Company, LLC's insurance policy. *Id.* at 23. On December 13, 2019, Sheriff Brown also

2

responded to Carter's Interrogatory No. 6, requesting that he "describe the  relationship between LaSalle Management and Jackson Parish Sheriff's Office during Plaintiff's incarceration," by stating that "Contracts and Agreements have been requested and will be  provided  upon receipt." *Id.* at p. 5.  The contract  recently  provided to Carter states that "J.P.C.C. will  employ  LaSalle Management  Company as a consultant for the JAIL FACILITY."  [Doc. No. 98-4].

Based on these events, in the instant Motion for Reconsideration, Carter moves the Court to reconsider that portion of its Judgment dismissing all claims against LaSalle Corrections.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*.  Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments.  Rule 54(b) provides that any order "that adjudicates fewer than all the claims... [among] all the parties... may be revised at any time before the entry of a [final] judgment."  Fed. R. Civ. P. 54(b).[2]  "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); *see generally Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown").  An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017).  Courts evaluate motions to reconsider interlocutory orders under

---

[2] Contrary to Carter's arguments, Rule 54, not Rule 60, applies.

a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals*, LLC, No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475).  Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests,* 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

In this case, Carter argues that he is entitled to relief based on mistake,  inadvertence,  surprise,  or  excusable  neglect. He argues further that  he is entitled to have the summary judgment set aside on the basis of fraud, misrepresentation, or misconduct" because "LaSalle" failed to provide relevant documents as ordered by the Court.  Finally, Carter moves for relief from any other  reason  that  justifies it.

Sheriff Brown (the only then-named Defendant) responded to Carter's motion. He argues that Carter's claim "is based upon a fundamental error in fact and in law, namely that LaSalle Corrections, LLC, and LaSalle Management Company, LLC, are one and the same." [Doc. No. 105, p. 3].  He argues that there were no allegations made against LaSalle Management Company, LLC, by Carter until January 13, 2020, and, therefore, there is no basis to grant the motion.  He denies that Defendants were ordered to "produce all relevant documents to Plaintiff,"  but instead ordered to produce "all other documents pertinent to the issues in this

4

case, that are in their possession." *Id.* at p. 4.  Thus, he contends that he and LaSalle Corrections, LLC, complied with that order.  Finally, Sheriff Brown asserts that Carter has failed to establish any of the bases to support his motion.  Particularly, he argues that the conduct cannot be construed as so egregious to constitute fraud upon the Court.

In a reply memorandum [Doc. No. 107], Carter misreads Sheriff Brown's response as an admission that the two entities were one and the same and makes arguments in support of his motion based on that mistake. Additionally, he argues that Sheriff Brown's interpretation of Judge Hayes' discovery order is flawed and that Defendants were required to turn over the LaSalle Management Company, LLC, contract.

With leave of Court, Sheriff Brown filed a sur-reply [Doc. No. 111] in which he points out Carter's mistake.  He reiterates that LaSalle Corrections, LLC, and LaSalle Management Company, LLC, are two distinct legal entities.

Having fully considered the arguments of counsel and the record in this matter, the Court finds no basis to reconsider or rescind its July 15, 2019 Judgment.  At the time the Report and Recommendation and the Court's Judgment adopting that Report and Recommendation issued, the only "LaSalle" Defendant which had made an appearance was LaSalle Corrections, LLC.  The only "LaSalle" Defendant dismissed was "LaSalle Corrections."  Therefore, if the Court were to grant the Motion for Reconsideration, the only Defendant who would be reinstated is LaSalle Corrections, LLC.  There is no evidence or argument that LaSalle Corrections, LLC, is a proper Defendant.

The Court would further note that, on the same date Carter filed his Motion for Reconsideration, he filed a Motion to Amend Complaint, yet he did not seek leave to add LaSalle

5

Management Company, LLC, as a Defendant.  That motion was subsequently granted, and Jackson Parish Correctional Center, LLC,  and its insurer, were added as Defendants.[3]

In reaching this conclusion, the Court does not discount Carter's arguments regarding the relationship between LaSalle Corrections, LLC, and LaSalle Management Company, LLC. Further, the Court recognizes as a matter of fact that the two entities are represented by the same counsel and that both Sheriff Brown and counsel were fully aware of Carter's *pro se* status. Certainly, there was little chance that Carter would have the opportunity or skill to differentiate between the two entities.  To the extent that Sheriff Brown had possession of a contract between the facility and LaSalle Management Company, LLC, the Court would consider such a contract "pertinent to the issues" in this lawsuit, and it should have been produced at the time.  The fact remains, however, that LaSalle Management Company, LLC, has never made an appearance in this case, and no judgment issued in its favor. Accordingly,

IT IS ORDERED that Carter's Motion for Reconsideration is DENIED.

MONROE, LOUISIANA, this 24th day of February, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[3] The Court expresses no opinion whether another motion to amend complaint to add LaSalle Management Company, LLC, would be successful, or whether there is any liability against that entity.