UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LANE CARTER                          CIVIL ACTION NO: 3:18-CV-00068
  LA. DOC #15199

VERSUS                               SECTION P

                                     JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL                   MAGISTRATE JUDGE KAREN L. HAYES

## ANSWER TO SIXTH AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Sheriff Andy Brown, in his official capacity as Sheriff of Jackson Parish, (hereinafter referred to as "Defendant"), who denies all allegations of all the Complaints, including the Sixth Amended Complaint, except for those allegations which are admitted, modified or explained and who, with respect, represent the following:

## FIRST DEFENSE

The Sixth Amended Complaint fails to state a claim upon which relief may be granted by this Court.

## SECOND DEFENSE

The Sixth Amended Complaint fails to set forth federal subject matter jurisdiction.

## THIRD DEFENSE

Plaintiff failed to exhaust the administrative remedy procedures. Accordingly, plaintiff cannot proceed with the suit.

1.

All allegations of Paragraph 1 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

2.

It is admitted that Carter was received at the Jackson Parish Correctional Center on or about September 5, 2018 on transfer from Sheriff Jordan's care, custody and control. It is admitted that the intake booking sheet for Carter is in writing and is the best evidence of its contents. It is further admitted that there are records showing Carter's care and treatment at the Jackson Parish Hospital. All other allegations of Paragraph 2 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

3.

It is admitted that Carter was taken to Jackson Parish Hospital on or about September 13, 2019. It is further admitted that those records are in writing and are the best evidence of their contents. It is denied that any defendant had any knowledge of the contents of the care and treatment records at Jackson Parish Hospital at all times pertinent hereto. It is admitted that Carter was housed in various cells while incarcerated at JPCC. It is denied that Carter was housed in the cells because of his "disability" or that his privileges and access to services were "further restricted". All other allegations of Paragraph 3 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

4.

It is admitted that Carter claims to have fallen. It is admitted that Carter was taken to multiple healthcare providers for care and treatment. It is further admitted that the records of Carter's care and treatment are in writing and are the best evidence of the contents. It is denied that any defendant had

any knowledge of contents of Carter's medical records concerning his care and treatment. All other allegations of Paragraph 4 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

5.

It is admitted that the Plaintiff has asserted claims under the Constitution and the laws of the United States and the State of Louisiana. All other allegations of Paragraph 5 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

6.

It is admitted that the claims made by Carter arise in the Western District of Louisiana. All other allegations of Paragraph 6 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

7.

All allegations of Paragraph 7 of the Sixth Amended Complaint are admitted based upon information and belief.

8.

All allegations of Paragraph 8 of the Sixth Amended Complaint are admitted based upon information and belief.

9.

All allegations of Paragraph 9 of the Sixth Amended Complaint are admitted.

10.

It is admitted that Jackson Correctional Center, LLC., is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana. All other allegations of Paragraph 10 of the Sixth Amended Complaint are denied for lack of sufficient information upon

which to base a belief.

11.

It is admitted that Sheriff Brown is an insured of Princeton Excess and Surplus Lines Insurance Company. All other allegations of Paragraph 11 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

12.

It is admitted that LaSalle Management Company, LLC., is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana. All other allegations of Paragraph 12 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

13.

All allegations of Paragraph 13 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

14.

All allegations of Paragraph 14 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

15.

All allegations of Paragraph 15 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

16.

All allegations of Paragraph 16 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

17.

All allegations of Paragraph 17 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

18.

All allegations of Paragraph 18 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

19.

All allegations of Paragraph 19 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

20.

All allegations of Paragraph 20 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

21.

All allegations of Paragraph 21 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

22.

All allegations of Paragraph 22 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

23.

All allegations of Paragraph 23 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

24.

All allegations of Paragraph 24 of the Sixth Amended Complaint are denied for lack of

sufficient information upon which to base a belief.

25.

All allegations of Paragraph 25 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

26.

All allegations of Paragraph 26 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

27.

All allegations of Paragraph 27 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

28.

All allegations of Paragraph 28 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

29.

All allegations of Paragraph 29 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

30.

All allegations of Paragraph 30 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

31.

All allegations of Paragraph 31 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

32.

All allegations of Paragraph 32 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

33.

All allegations of Paragraph 33 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

34.

All allegations of Paragraph 34 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

35.

All allegations of Paragraph 35 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

36.

All allegations of Paragraph 36 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

37.

All allegations of Paragraph 37 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

38.

It is admitted that when Carter arrived at the Jackson Parish Correctional Center ("JPCC"), he was evaluated by an EMT. The records of that evaluation are in writing and are the best evidence of their contents. All other allegations made in Paragraph 38 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

39.

It is admitted that Carter made one or more sick call requests while incarcerated at JPCC. It is further admitted that Carter was seen by nurses on multiple occasions, including September 13, 2017. All other allegations of Paragraph 39 of the Sixth Amended Complaint are denied.

40.

It is admitted that Carter made one or more sick call requests while incarcerated at JPCC. It is further admitted that Carter was seen by nurses on multiple occasions, including September 13, 2017. It is also admitted that Carter was transported to Jackson Parish Hospital on September 13, 2017 for care and treatment. All other allegations of Paragraph 40 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

41.

It is admitted that Carter was seen, evaluated and treated at Jackson Parish Hospital. It is further admitted that those records are in writing and are the best evidence of their contents. It is denied that any defendant had any knowledge of Carter's clinical impression at the Jackson Parish Hospital, at any time. All other allegations of Paragraph 41 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

42.

It is admitted that Carter was seen, evaluated and treated at Jackson Parish Hospital. It is further admitted that those records are in writing and are the best evidence of their contents. It is denied that any defendant had any knowledge of Carter's clinical impression at the Jackson Parish Hospital, at any time. All other allegations of Paragraph 42 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

43.

It is admitted that Carter received ibuprofen. All other allegations of Paragraph 43 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

44.

It is admitted that Carter turned in sick call requests, which are in writing and are the best evidence of their contents. It is further admitted that Carter was seen by a nurse on multiple occasions, including on September 28, 2017. All other allegations of Paragraph 44 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

45.

All allegations of Paragraph 45 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief,

46.

All allegations of Paragraph 46 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

47.

All allegations of Paragraph 47 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

48.

It is admitted that Carter was moved to various cells which incarcerated at JPCC. All other allegations of Paragraph 48 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

49.

It is admitted that Carter submitted a sick call form, which is in writing and which is the best

evidence of its contents. All other allegations of Paragraph 49 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

50.

It is admitted that Carter submitted a sick call form, which is in writing and which is the best evidence of its contents. All other allegations of Paragraph 50 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

51.

All allegations of Paragraph 51 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

52.

All allegations of Paragraph 52 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

53.

All allegations of Paragraph 53 of the Sixth Amended Complaint are denied.

54.

All allegations of Paragraph 54 of the Sixth Amended Complaint are denied.

55.

All allegations of Paragraph 55 of the Sixth Amended Complaint are denied.

56.

All allegations of Paragraph 56 of the Sixth Amended Complaint are denied.

57.

It is admitted that Carter filled out a sick call request and dated it October 28, 2017; however, that sick call request is in writing and is the best evidence of its contents. All other allegations of

Paragraph 57 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

58.

It is admitted that on October 30, 2017, Carter was transported to the LSU-Shreveport Medical Center. It is further admitted that Carter was seen, evaluated and treated at LSU-Shreveport Medical Center. It is also admitted that those records are in writing and are the best evidence of their contents. It is denied that any defendant had any knowledge of Carter's clinical impression at LSU-Shreveport Medical Center. All other allegations of Paragraph 58 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

59.

All allegations of Paragraph 59 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

60.

All allegations of Paragraph 60 of the Sixth Amended Complaint are denied.

61.

All allegations of Paragraph 61 of the Sixth Amended Complaint are denied.

62.

All allegations of Paragraph 62 of the Sixth Amended Complaint are denied.

63.

All allegations of Paragraph 63 of the Sixth Amended Complaint are denied.

64.

All allegations of Paragraph 64 of the Sixth Amended Complaint are denied.

65.

All allegations of Paragraph 65 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

66.

All allegations of Paragraph 66 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

67.

All allegations of Paragraph 67 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

68.

It is admitted that Carter was transported for medical care and treatment on or about December 28, 2017, and that those records are in writing and are the best evidence of their contents. It is denied that any defendant had any knowledge of Carter's clinical impression. All other allegations of Paragraph 68 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

69.

All allegations of Paragraph 69 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

70.

All allegations of Paragraph 70 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

71.

All allegations of Paragraph 71 of the Sixth Amended Complaint are denied for lack of

sufficient information upon which to base a belief.

72.

All allegations of Paragraph 72 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

73.

It is admitted that Carter was under the care, custody and control of Sheriff Brown for a portion of the time described in the Sixth Amended Complaint. All other allegations of Paragraph 73 of the Sixth Amended Complaint are denied.

74.

It is admitted that there is a contract concerning the Jackson Parish Correctional Center, which contract is in writing and is the best evidence of its contents. All other allegations of Paragraph 74 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

75.

It is admitted that Princeton is the insurer for Sheriff Brown. All other allegations of Paragraph 75 of the Sixth Amended Company are denied for lack of sufficient information upon which to base a belief.

76.

Defendants incorporate all responses to all paragraphs made in answer to the Sixth Amended Complaint as though copied herein in full. All other allegations of Paragraph 76 of the Sixth Amended Complaint are denied.

77.

It is admitted that the duties of a sheriff are set out by state and federal law. All other

allegations of Paragraph 77 of the Sixth Amended Complaint are denied.

78.

It is admitted that Carter was an inmate in the custody of Sheriff Brown in his official capacity as the Sheriff of Jackson Parish for a portion of the time asserted in the Sixth Amended Complaint. All other allegations of Paragraph 78 of the Sixth Amended Complaint are denied.

79.

All allegations of Paragraph 79 of the Sixth Amended Complaint are denied.

80.

All allegations of Paragraph 80 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

81.

All allegations of Paragraph 81 of the Sixth Amended Complaint are denied.

82.

All allegations of Paragraph 82 of the Sixth Amended Complaint are denied.

83.

All allegations of Paragraph 83 of the Sixth Amended Complaint are denied.

84.

All allegations of Paragraph 84 of the Sixth Amended Complaint are denied.

85.

It is admitted that Princeton is the insurer of Sheriff Brown. All other allegations of Paragraph 85 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

86.

It is admitted that federal and state law provide Sheriff Brown's, in his official capacity of Sheriff of Jackson Parish, responsibilities for his deputies. All other allegations of Paragraph 86 of the Sixth Amended Complaint are denied.

87.

Defendants incorporate all responses to all paragraphs made in answer to the Sixth Amended Complaint as though copied herein in full. All other allegations of Paragraph 87 of the Sixth Amended Complaint are denied.

88.

All allegations of Paragraph 88 of the Sixth Amended Complaint are denied.

89.

All allegations of Paragraph 89 of the Sixth Amended Complaint are denied.

90.

All allegations of Paragraph 90 of the Sixth Amended Complaint are denied.

91.

All allegations of Paragraph 91 of the Sixth Amended Complaint are denied.

92.

All allegations of Paragraph 92 of the Sixth Amended Complaint are denied.

93.

All allegations of Paragraph 93 of the Sixth Amended Complaint are denied.

94.

All allegations of Paragraph 94 of the Sixth Amended Complaint are denied.

95.

All allegations of Paragraph 95 of the Sixth Amended Complaint are denied.

96.

It is admitted that Princeton is the insurer of Sheriff Brown. All other allegations of Paragraph 96 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

97.

All allegations of Paragraph 97 of the Sixth Amended Complaint are denied.

98.

All allegations of Paragraph 98 of the Sixth Amended Complaint are denied.

99.

All allegations of Paragraph 99 of the Sixth Amended Complaint are denied.

100.

All allegations of Paragraph 100 of the Sixth Amended Complaint are denied.

101.

All allegations of Paragraph 101 of the Sixth Amended Complaint are denied.

102.

All allegations of Paragraph 102 of the Sixth Amended Complaint are denied.

103.

All allegations of Paragraph 103 of the Sixth Amended Complaint are denied.

104.

All allegations of Paragraph 104 of the Sixth Amended Complaint are denied.

105.

It is admitted that Princeton is the insurer of Sheriff Brown. All other allegations of Paragraph 105 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

106.

It is admitted that the Louisiana Constitution guarantees certain rights. It is further admitted that the Louisiana Constitution is in writing and is the best evidence of its contents. All other allegations of Paragraph 106 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

107.

All allegations of Paragraph 107 of the Sixth Amended Complaint are denied.

108.

All allegations of Paragraph 108 of the Sixth Amended Complaint are denied.

109.

All allegations of Paragraph 109 of the Sixth Amended Complaint are denied.

110.

All allegations of Paragraph 110 of the Sixth Amended Complaint are denied.

111.

All allegations of Paragraph 111 of the Sixth Amended Complaint are denied.

112.

All allegations of Paragraph 112 of the Sixth Amended Complaint are denied.

113.

All allegations of Paragraph 113 of the Sixth Amended Complaint are denied.

114.

All allegations of Paragraph 114 of the Sixth Amended Complaint are denied.

115.

It is admitted that Princeton is the insurer of Sheriff Brown. All other allegations of Paragraph 115 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

## FOURTH DEFENSE

Defendant submits that all claims and causes of action under federal and state law are prescribed; thus, the entire claim is frivolous and without basis in fact or law.

## FIFTH DEFENSE

Defendant affirmatively alleges no liability for any injury of Carter because all actions were within the scope of his discretionary authority, thereby entitling him to discretionary immunity pursuant to state and federal law.

## SIXTH DEFENSE

Defendant affirmatively alleges entitlement to the protections and/or immunities afforded by state law, including but not limited to, the protections afforded by LSA-R.S. 9:2798.1 and/or LSA-R.S. 13:5101, et seq.

## SEVENTH DEFENSE

Defendant affirmatively alleges entitlement to all limitations on damages, interest, and costs afforded by state law, including but not limited to, LSA-R.S. 13:5106 and 13:5112.


WHEREFORE, Defendant, Sheriff Andy Brown, in his official capacity as Sheriff of Jackson Parish, prays that:

1.   This Answer be deemed good and sufficient;

2.   After due proceedings are had, there be judgment herein dismissing the claims of plaintiff, at his costs;

3.   For all costs herein, including reasonable attorneys' fees;

4.   That plaintiff's claims be declared frivolous; and

5.   For all other just, general and equitable relief.

Respectfully submitted,

PROVOSTY, SADLER, & deLAUNAY, APC

By:   /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
934 Third Street, Suite 800
P. O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133   F: 318/445-9377
ATTORNEYS FOR DEFENDANT,
SHERIFF ANDY BROWN, SHERIFF OF
JACKSON PARISH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2020, I electronically filed the foregoing ANSWER TO SIXTH AMENDED COMPLAINT  with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Casey Rose Denson<br>Casey Denson Law<br>3436 Magazine St Unit 7005<br>New Orleans, LA 70115<br>504-224-0110     Fax: 866-838-8654<br>cdenson@caseydensonlaw.com | Kenneth Charles Bordes<br>Law Office of Kenneth C Bordes<br>2725 Lapeyrouse St<br>New Orleans, LA 70119<br>504-588-2700     Fax: 504-708-1717<br>kcb@kennethbordes.com |
| Ronald Shane Bryant<br>Usry & Weeks (NO)<br>1615 Poydras Street, Suite 1250<br>New Orleans, LA 70112<br>P: 504/592-4600;  F: 504.592-4641<br>sbryant@usryweeks.com | |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: NONE.

/s/ H. Bradford Calvit
H. BRADFORD CALVIT