# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| LANE CARTER | * | CIVIL ACTION NO. 18-0068 |
| *Plaintiff* | * | |
| | * | SECTION "P" |
| VERSUS | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| JACQUE DERR, ET AL. | * | MAG. JUDGE KAREN L. HAYES |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Winn Parish Sheriff Cranford Jordan, in his official capacity as sheriff, who answers Plaintiff's Fourth Amended Complaint,[1] Fifth Amended Complaint,[2] and Sixth Amended Complaint[3] as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The Court is without jurisdiction in this matter, inasmuch as there is no diversity of citizenship between the parties hereto.

### THIRD DEFENSE

The Court is without jurisdiction in this matter, inasmuch as the amount of controversy exclusive of interests and costs does not exceed the sum and value of $75,000.00.

---

[1]    Rec. Doc. No. 97.
[2]    Rec. Doc. No. 113.
[3]    Rec. Doc. No. 120.

**FOURTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter, inasmuch as the Complaint fails to state a proper claim of relief against this defendant under the Constitution of the United States or any United States statute.

**FIFTH DEFENSE**

Defendant herein pleads that any actions taken by him or his employees were taken by them in good faith and with probable cause, without malice and under laws believed to be constitutional.

**SIXTH DEFENSE**

In the alternative, defendant avers that plaintiff's damages, if any, were caused or contributed to by other persons or parties over whom this defendant exercises no authority jurisdiction or control and for whose actions he is not legally responsible.

**SEVENTH DEFENSE**

Defendant avers that, at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

**EIGHTH DEFENSE**

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

**NINTH DEFENSE**

As a political subdivision of the State of Louisiana, defendant is entitled to and hereby pleads the statutory limitation of liability, costs and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and interest Available to defendant under the law.

## TENTH DEFENSE

Despite having adequate and reasonable opportunity to do so, Plaintiff failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

## ELEVENTH DEFENSE

Defendant herein pleads that to the extent that any acts or omissions of the defendant was a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which defendant is immune from liability under La. R.S. 9:2798.1.

## TWELFTH DEFENSE

The claims are barred by the applicable statute of limitations or prescriptive period.

## THIRTEENTH DEFENSE

Plaintiff failed to exhaust the available administrative remedies as required by 42. U.S.C. 1997e and/or Louisiana State Law.

## FOURTEETH DEFENSE

**AND NOW**, further answering, Defendant categorically paragraph-by-paragraph alleges and avers as follows in response to Plaintiff's Fourth Amended Complaint:[4]

1.

The allegations alleged in Paragraph 1 of the Complaint are denied except to admit that Plaintiff was incarcerated in the Winn Parish Jail, that the specific shower at issue in this matter had a floor grating crafted from crates, that Plaintiff was taken for outside medical treatment, and that the records of those treatment providers are the best evidence of their contents.

---

[4]     Rec. Doc. No. 97.

2.

The allegations alleged in Paragraph 2 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein except to admit that the plaintiff was transferred to the Jackson Parish Correctional Center on or about the alleged date.

3.

The allegations alleged in Paragraph 3 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

4.

The allegations alleged in Paragraph 4 of the Complaint are denied inasmuch as any injuries or damages are attributed to this defendant.  The remaining allegations alleged in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

Paragraph 5 of the Complaint does not appear to contain any allegations to which a response is required.  To any extent that a response is deemed to be required, the allegations alleged in Paragraph 5 of the Complaint are denied.

6.

Paragraph 6 of the Complaint does not appear to contain any allegations to which a response is required.  To any extent that a response is deemed to be required, the allegations alleged in Paragraph 6 of the Complaint are denied.

7.

The allegations alleged in Paragraph 7 of the Complaint are admitted.

8.

The allegations alleged in Paragraph 8 of the Complaint are admitted.

9.

The allegations alleged in Paragraph 9 of the Complaint are admitted inasmuch as Andy Brown is the Sheriff of Jackson Parish.  The remaining allegations alleged in Paragraph 9 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations alleged in Paragraph 10 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations alleged in Paragraph 11 of the Complaint are admitted.

12.

The allegations alleged in Paragraph 12 of the Complaint are admitted inasmuch as the defendant is the Winn Parish Sheriff and the sheriff is the keeper of the jail.  The remaining allegations and legal conclusions contained in Paragraph 12 of the Complaint are denied.

13.

The allegations alleged in Paragraph 13 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

14.

The allegations alleged in Paragraph 14 of the Complaint are admitted inasmuch as Plaintiff was housed in the Winn Parish Jail.

15.

The allegations alleged in Paragraph 15 of the Complaint are denied.

16.

The allegations alleged in Paragraph 16 of the Complaint are admitted.

17.

The allegations alleged in Paragraph 17 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

18.

The allegations alleged in Paragraph 18 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

19.

The allegations alleged in Paragraph 19 of the Compliant are denied.

20.

The allegations alleged in Paragraph 20 of the Compliant are denied.

21.

The allegations alleged in Paragraph 21 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

22.

The allegations alleged in Paragraph 22 of the Complaint are admitted inasmuch as Todd Williams came to assist Plaintiff after Plaintiff's alleged fall.  The remaining allegations alleged in Paragraph 22 of the Complaint are denied.

23.

The allegations alleged in Paragraph 23 of the Complaint are denied.

24.

The allegations alleged in Paragraph 24 of the Complaint are admitted inasmuch as an ambulance was called for Plaintiff and arrived on-scene.

25.

The allegations alleged in Paragraph 25 of the Complaint are admitted inasmuch as Plaintiff was transported in an ambulance.  The allegations as to specific personnel who were present at that time are denied for lack of sufficient information upon which to justify a belief therein.

26.

The allegations alleged in Paragraph 26 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein except to admit that Plaintiff was taken for outside medical care by ambulance and that the available medical records are the best evidence of any treatment and/or treatment recommendations made.

27.

The allegations alleged in Paragraph 27 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

28.

The allegations alleged in Paragraph 28 of the Complaint are denied.

29.

The allegations alleged in Paragraph 29 of the Complaint are denied.

30.

The allegations alleged in Paragraph 30 of the Complaint are denied.

31.

The allegations alleged in Paragraph 31 of the Complaint are denied.

32.

The allegations alleged in Paragraph 32 of the Complaint are admitted inasmuch as Plaintiff was transferred to the Jackson Parish Correctional Center.

33.

The allegations alleged in Paragraph 33 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

34.

The allegations alleged in Paragraph 34 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

35.

The allegations alleged in Paragraph 35 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

36.

The allegations alleged in Paragraph 36 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

37.

The allegations alleged in Paragraph 37 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

38.

The allegations alleged in Paragraph 38 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

39.

The allegations alleged in Paragraph 39 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

40.

The allegations alleged in Paragraph 40 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

41.

The allegations alleged in Paragraph 41 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

42.

The allegations alleged in Paragraph 42 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

43.

The allegations alleged in Paragraph 43 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

44.

The allegations alleged in Paragraph 44 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

45.

The allegations alleged in Paragraph 45 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

46.

The allegations alleged in Paragraph 46 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

47.

The allegations alleged in Paragraph 47 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

48.

The allegations alleged in Paragraph 48 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

49.

The allegations alleged in Paragraph 49 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein.

50.

The allegations alleged in Paragraph 50 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

51.

The allegations alleged in Paragraph 51 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

52.

The allegations alleged in Paragraph 52 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

53.

The allegations alleged in Paragraph 53 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

54.

The allegations alleged in Paragraph 54 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

55.

The allegations alleged in Paragraph 55 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

56.

The allegations alleged in Paragraph 56 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

57.

The allegations alleged in Paragraph 57 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

58.

The allegations alleged in Paragraph 58 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

59.

The allegations alleged in Paragraph 59 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

60.

The allegations alleged in Paragraph 60 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

61.

The allegations alleged in Paragraph 61 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

62.

The allegations alleged in Paragraph 62 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

63.

The allegations alleged in Paragraph 63 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

64.

The allegations alleged in Paragraph 64 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

65.

The allegations alleged in Paragraph 65 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

66.

The allegations alleged in Paragraph 66 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

67.

The allegations alleged in Paragraph 67 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

68.

The allegations alleged in Paragraph 68 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

69.

Defendant incorporates all responses to all paragraphs made in answer to the Fourth Amended Complaint as though copied herein in full. All other allegations of Paragraph 69 of the Fourth Amended Complaint are denied.

70.

It is admitted that the duties of a sheriff are set out by state and federal law.  All other allegations and legal conclusions contained in Paragraph 70 of the Complaint are denied.

71.

It is admitted that Plaintiff was at one point an inmate incarcerated in the Winn Parish Jail.

72.

The allegations alleged in Paragraph 72 of the Complaint are denied.

73.

The allegations alleged in Paragraph 73 of the Complaint are denied.

74.

The allegations alleged in Paragraph 74 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

75.

The allegations alleged in Paragraph 75 of the Complaint are denied.

76.

The allegations alleged in Paragraph 76 of the Complaint are denied.

77.

The allegations alleged in Paragraph 77 of the Complaint are denied.

78.

The allegations alleged in Paragraph 78 of the Complaint are denied.

79.

The allegations alleged in Paragraphs 79 through 104 of the Complaint are not made against this defendant and, as a result, do not appear to require a response from this defendant.  To any extent that a response is deemed to be required, the allegations alleged in Paragraphs 79 through 104 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein.

80.

Defendant, out of an abundance of caution, denies any and all other and remaining allegations, including all those that are numbered, labeled, unnumbered, unlabeled, mis-numbered, mislabeled, included as subsections to other paragraphs or sections, or that are construed to be amendments, supplements, or additions not herein answered, as they pertain to any named, misnamed, or unnamed defendant(s).

**AND NOW**, further answering, Defendant categorically paragraph-by-paragraph alleges and avers as follows in response to Plaintiff's Fifth Amended Complaint:[5]

1.

The allegations alleged in Paragraph 1 of the Complaint are denied except to admit that Plaintiff was incarcerated in the Winn Parish Jail, that the specific shower at issue in this matter had a floor grating crafted from crates, that Plaintiff was taken for outside medical treatment, and that the records of those treatment providers are the best evidence of their contents.

2.

The allegations alleged in Paragraph 2 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein except to admit that the plaintiff was transferred to the Jackson Parish Correctional Center on or about the alleged date.

3.

The allegations alleged in Paragraph 3 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

---

[5]      Rec. Doc. No. 113.

4.

The allegations alleged in Paragraph 4 of the Complaint are denied inasmuch as any injuries or damages are attributed to this defendant. The remaining allegations alleged in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

Paragraph 5 of the Complaint does not appear to contain any allegations to which a response is required. To any extent that a response is deemed to be required, the allegations alleged in Paragraph 5 of the Complaint are denied.

6.

Paragraph 6 of the Complaint does not appear to contain any allegations to which a response is required. To any extent that a response is deemed to be required, the allegations alleged in Paragraph 6 of the Complaint are denied.

7.

The allegations alleged in Paragraph 7 of the Complaint are admitted.

8.

The allegations alleged in Paragraph 8 of the Complaint are admitted.

9.

The allegations alleged in Paragraph 9 of the Complaint are admitted inasmuch as Andy Brown is the Sheriff of Jackson Parish. The remaining allegations alleged in Paragraph 9 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations alleged in Paragraph 10 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations alleged in Paragraph 11 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations alleged in Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations alleged in Paragraph 13 of the Complaint are admitted.

14.

The allegations alleged in Paragraph 14 of the Complaint are admitted inasmuch as the defendant is the Winn Parish Sheriff and the sheriff is the keeper of the jail.  The remaining allegations and legal conclusions contained in Paragraph 12 of the Complaint are denied.

15.

The allegations alleged in Paragraph 15 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

16.

The allegations alleged in Paragraph 16 of the Complaint are admitted inasmuch as Plaintiff was housed in the Winn Parish Jail.

17.

The allegations alleged in Paragraph 17 of the Complaint are denied.

18.

The allegations alleged in Paragraph 18 of the Complaint are denied.

19.

The allegations alleged in Paragraph 19 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

20.

The allegations alleged in Paragraph 20 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

21.

The allegations alleged in Paragraph 21 of the Compliant are denied.

22.

The allegations alleged in Paragraph 22 of the Compliant are denied.

23.

The allegations alleged in Paragraph 23 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

24.

The allegations alleged in Paragraph 24 of the Complaint are admitted inasmuch as Todd Williams came to assist Plaintiff after Plaintiff's alleged fall.  The remaining allegations alleged in Paragraph 22 of the Complaint are denied.

25.

The allegations alleged in Paragraph 25 of the Complaint are denied.

26.

The allegations alleged in Paragraph 26 of the Complaint are admitted inasmuch as an ambulance was called for Plaintiff and arrived on-scene.

27.

The allegations alleged in Paragraph 27 of the Complaint are admitted inasmuch as Plaintiff was transported in an ambulance.  The allegations as to specific personnel who were present at that time are denied for lack of sufficient information upon which to justify a belief therein.

28.

The allegations alleged in Paragraph 28 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein except to admit that Plaintiff was taken for outside medical care by ambulance and that the available medical records are the best evidence of any treatment and/or treatment recommendations made.

29.

The allegations alleged in Paragraph 29 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

30.

The allegations alleged in Paragraph 30 of the Complaint are denied.

31.

The allegations alleged in Paragraph 31 of the Complaint are denied.

32.

The allegations alleged in Paragraph 32 of the Complaint are denied.

33.

The allegations alleged in Paragraph 33 of the Complaint are denied.

34.

The allegations alleged in Paragraph 34 of the Complaint are admitted inasmuch as Plaintiff was transferred to the Jackson Parish Correctional Center.

35.

The allegations alleged in Paragraph 35 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

36.

The allegations alleged in Paragraph 36 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

37.

The allegations alleged in Paragraph 37 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

38.

The allegations alleged in Paragraph 38 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

39.

The allegations alleged in Paragraph 39 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

40.

The allegations alleged in Paragraph 40 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

41.

The allegations alleged in Paragraph 41 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

42.

The allegations alleged in Paragraph 42 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

43.

The allegations alleged in Paragraph 43 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

44.

The allegations alleged in Paragraph 44 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

45.

The allegations alleged in Paragraph 45 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

46.

The allegations alleged in Paragraph 46 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

47.

The allegations alleged in Paragraph 47 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

48.

The allegations alleged in Paragraph 48 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

49.

The allegations alleged in Paragraph 49 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

50.

The allegations alleged in Paragraph 50 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

51.

The allegations alleged in Paragraph 51 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein.

52.

The allegations alleged in Paragraph 52 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

53.

The allegations alleged in Paragraph 53 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

54.

The allegations alleged in Paragraph 54 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

55.

The allegations alleged in Paragraph 55 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

56.

The allegations alleged in Paragraph 56 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

57.

The allegations alleged in Paragraph 57 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

58.

The allegations alleged in Paragraph 58 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

59.

The allegations alleged in Paragraph 59 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

60.

The allegations alleged in Paragraph 60 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

61.

The allegations alleged in Paragraph 61 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

62.

The allegations alleged in Paragraph 62 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

63.

The allegations alleged in Paragraph 63 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

64.

The allegations alleged in Paragraph 64 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

65.

The allegations alleged in Paragraph 65 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

66.

The allegations alleged in Paragraph 66 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

67.

The allegations alleged in Paragraph 67 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

68.

The allegations alleged in Paragraph 68 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

69.

The allegations alleged in Paragraph 69 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

70.

The allegations alleged in Paragraph 70 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

71.

It is admitted that Plaintiff was at one point an inmate incarcerated in the Winn Parish Jail, but the remaining allegations and legal conclusions contained in Paragraph 71 of the Complaint are denied.

72.

The allegations alleged in Paragraph 72 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

73.

The allegations alleged in Paragraph 73 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

74.

Defendant incorporates all responses to all paragraphs made in answer to the Fifth Amended Complaint as though copied herein in full. All other allegations of Paragraph 74 of the Fifth Amended Complaint are denied.

75.

It is admitted that the duties of a sheriff are set out by state and federal law. All other allegations of Paragraph 75 of the Fifth Amended Complaint are denied..

76.

It is admitted that at one point Plaintiff was an inmate in the custody of the Winn Parish Jail.

77.

The allegations alleged in Paragraph 77 of the Complaint are denied.

78.

The allegations alleged in Paragraph 78 of the Complaint are denied.

79.

The allegations alleged in Paragraph 79 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

80.

The allegations alleged in Paragraph 80 of the Complaint are denied.

81.

The allegations alleged in Paragraph 81 of the Compliant are denied.

82.

The allegations alleged in Paragraph 82 of the Complaint are denied.

83.

The allegations alleged in Paragraph 83 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

84.

The allegations alleged in Paragraph 84 of the Complaint are denied.

85.

The allegations alleged in Paragraphs 85 through 113 of the Complaint are not made against this defendant and, as a result, do not appear to require a response from this defendant. To any extent that a response is deemed to be required, the allegations alleged in Paragraphs 85 through 113 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein.

86.

Defendant, out of an abundance of caution, denies any and all other and remaining allegations, including all those that are numbered, labeled, unnumbered, unlabeled, mis-numbered, mislabeled, included as subsections to other paragraphs or sections, or that are construed to be amendments, supplements, or additions not herein answered, as they pertain to any named, misnamed, or unnamed defendant(s).

**AND NOW**, further answering, Defendant categorically paragraph-by-paragraph alleges and avers as follows in response to Plaintiff's Sixth Amended Complaint:[6]

1.

The allegations alleged in Paragraph 1 of the Complaint are denied except to admit that Plaintiff was incarcerated in the Winn Parish Jail, that the specific shower at issue in this matter had a floor grating crafted from crates, that Plaintiff was taken for outside medical treatment, and that the records of those treatment providers are the best evidence of their contents.

2.

The allegations alleged in Paragraph 2 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein except to admit that the plaintiff was transferred to the Jackson Parish Correctional Center on or about the alleged date.

3.

The allegations alleged in Paragraph 3 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

4.

The allegations alleged in Paragraph 4 of the Complaint are denied inasmuch as any injuries or damages are attributed to this defendant.  The remaining allegations alleged in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

---

[6]    Rec. Doc. No. 120.

5.

Paragraph 5 of the Complaint does not appear to contain any allegations to which a response is required. To any extent that a response is deemed to be required, the allegations alleged in Paragraph 5 of the Complaint are denied.

6.

Paragraph 6 of the Complaint does not appear to contain any allegations to which a response is required. To any extent that a response is deemed to be required, the allegations alleged in Paragraph 6 of the Complaint are denied.

7.

The allegations alleged in Paragraph 7 of the Complaint are admitted.

8.

The allegations alleged in Paragraph 8 of the Complaint are admitted.

9.

The allegations alleged in Paragraph 9 of the Complaint are admitted inasmuch as Andy Brown is the Sheriff of Jackson Parish. The remaining allegations alleged in Paragraph 9 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations alleged in Paragraph 10 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations alleged in Paragraph 11 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations alleged in Paragraph 12 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations alleged in Paragraph 13 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

14.

The allegations alleged in Paragraph 14 of the Complaint are admitted.

15.

The allegations alleged in Paragraph 15 of the Complaint are admitted inasmuch as the defendant is the Winn Parish Sheriff and the sheriff is the keeper of the jail.  The remaining allegations and legal conclusions contained in Paragraph 12 of the Complaint are denied.

16.

The allegations alleged in Paragraph 16 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

17.

The allegations alleged in Paragraph 17 of the Complaint are admitted inasmuch as Plaintiff was housed in the Winn Parish Jail.

18.

The allegations alleged in Paragraph 18 of the Complaint are denied.

19.

The allegations alleged in Paragraph 19 of the Complaint are admitted.

20.

The allegations alleged in Paragraph 20 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

21.

The allegations alleged in Paragraph 21 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

22.

The allegations alleged in Paragraph 22 of the Compliant are denied.

23.

The allegations alleged in Paragraph 23 of the Compliant are denied.

24.

The allegations alleged in Paragraph 24 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

25.

The allegations alleged in Paragraph 25 of the Complaint are admitted inasmuch as Todd Williams came to assist Plaintiff after Plaintiff's alleged fall.  The remaining allegations alleged in Paragraph 25 of the Complaint are denied.

26.

The allegations alleged in Paragraph 26 of the Complaint are denied.

27.

The allegations alleged in Paragraph 27 of the Complaint are admitted inasmuch as an ambulance was called for Plaintiff and arrived on-scene.

28.

The allegations alleged in Paragraph 28 of the Complaint are admitted inasmuch as Plaintiff was transported in an ambulance.  The allegations as to specific personnel who were present at that time are denied for lack of sufficient information upon which to justify a belief therein.

29.

The allegations alleged in Paragraph 29 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein except to admit that Plaintiff was taken for outside medical care by ambulance and that the available medical records are the best evidence of any treatment and/or treatment recommendations made.

30.

The allegations alleged in Paragraph 30 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

31.

The allegations alleged in Paragraph 31 of the Complaint are denied.

32.

The allegations alleged in Paragraph 32 of the Complaint are denied.

33.

The allegations alleged in Paragraph 33 of the Complaint are denied.

34.

The allegations alleged in Paragraph 34 of the Complaint are denied.

35.

The allegations alleged in Paragraph 35 of the Complaint are admitted inasmuch as Plaintiff was transferred to the Jackson Parish Correctional Center.

36.

The allegations alleged in Paragraph 36 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

37.

The allegations alleged in Paragraph 37 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

38.

The allegations alleged in Paragraph 38 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

39.

The allegations alleged in Paragraph 39 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

40.

The allegations alleged in Paragraph 40 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

41.

The allegations alleged in Paragraph 41 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

42.

The allegations alleged in Paragraph 42 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

43.

The allegations alleged in Paragraph 43 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

44.

The allegations alleged in Paragraph 44 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

45.

The allegations alleged in Paragraph 45 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

46.

The allegations alleged in Paragraph 46 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

47.

The allegations alleged in Paragraph 47 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

48.

The allegations alleged in Paragraph 48 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

49.

The allegations alleged in Paragraph 49 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

50.

The allegations alleged in Paragraph 50 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

51.

The allegations alleged in Paragraph 51 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

52.

The allegations alleged in Paragraph 52 of the Compliant are denied for lack of sufficient information upon which to justify a belief therein.

53.

The allegations alleged in Paragraph 53 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

54.

The allegations alleged in Paragraph 54 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

55.

The allegations alleged in Paragraph 55 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

56.

The allegations alleged in Paragraph 56 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

57.

The allegations alleged in Paragraph 57 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

58.

The allegations alleged in Paragraph 58 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

59.

The allegations alleged in Paragraph 59 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

60.

The allegations alleged in Paragraph 60 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

61.

The allegations alleged in Paragraph 61 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

62.

The allegations alleged in Paragraph 62 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

63.

The allegations alleged in Paragraph 63 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

64.

The allegations alleged in Paragraph 64 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

65.

The allegations alleged in Paragraph 65 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

66.

The allegations alleged in Paragraph 66 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

67.

The allegations alleged in Paragraph 67 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

68.

The allegations alleged in Paragraph 68 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

69.

The allegations alleged in Paragraph 69 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

70.

The allegations alleged in Paragraph 70 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

71.

The allegations alleged in Paragraph 71 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

72.

The allegations alleged in Paragraph 72 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

73.

It is admitted that Plaintiff was at one point an inmate incarcerated in the Winn Parish Jail, but the remaining allegations and legal conclusions contained in Paragraph 73 of the Complaint are denied.

74.

The allegations alleged in Paragraph 74 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

75.

The allegations alleged in Paragraph 75 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein other than records provided by other parties during discovery which, to the defendant's knowledge, would be the best evidence thereof.

76.

Defendant incorporates all responses to all paragraphs made in answer to the Sixth Amended Complaint as though copied herein in full. All other allegations of Paragraph 76 of the Sixth Amended Complaint are denied.

77.

It is admitted that the duties of a sheriff are set out by state and federal law. All other allegations of Paragraph 77 of the Sixth Amended Complaint are denied.

78.

It is admitted that at one point Plaintiff was an inmate in the custody of the Winn Parish Jail.

79.

The allegations alleged in Paragraph 79 of the Complaint are denied.

80.

The allegations alleged in Paragraph 80 of the Complaint are denied.

81.

The allegations alleged in Paragraph 81 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

82.

The allegations alleged in Paragraph 82 of the Complaint are denied.

83.

The allegations alleged in Paragraph 83 of the Compliant are denied.

84.

The allegations alleged in Paragraph 84 of the Complaint are denied.

85.

The allegations alleged in Paragraph 85 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

86.

The allegations alleged in Paragraph 86 of the Complaint are denied.

87.

The allegations alleged in Paragraphs 87 through 115 of the Complaint are not made against this defendant and, as a result, do not appear to require a response from this defendant.  To any extent that a response is deemed to be required, the allegations alleged in Paragraphs 85 through 113 of the Complaint are denied for lack of sufficient information upon which to justify a reasonable belief therein.

88.

Defendant, out of an abundance of caution, denies any and all other and remaining allegations, including all those that are numbered, labeled, unnumbered, unlabeled, mis-numbered, mislabeled, included as subsections to other paragraphs or sections, or that are construed to be amendments, supplements, or additions not herein answered, as they pertain to any named, misnamed, or unnamed defendant(s).

**WHEREFORE,** Defendant prays that this answer be deemed good and sufficient and that, after all due proceedings, there be judgment herein, dismissing Plaintiff's Complaints with prejudice at his cost, and for all other general and equitable relief.

Respectfully submitted,
USRY & WEEKS, APLC

*/s/Timothy R. Richardson*
TIMOTHY R. RICHARDSON (LSBN 27625)
RONALD S. BRYANT (LSBN 36110)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Phone: (504) 592-4600
Fax:    (504) 592-4641
Email: trichardson@usryweeks.com
Email: sbryant@usryweeks.com
***Counsel for the Winn Parish Sheriff***

## CERTIFICATE OF SERVICE

I do hereby certify that on this 27th day of March, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*/s/Timothy R. Richardson*
TIMOTHY R. RICHARDSON (LSBN 27625)