UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LANE CARTER                          CIVIL ACTION NO. 18-00068

VERSUS                               SECTION P

JACQUE DERR, ET AL                   JUDGE TERRY A. DOUGHTY

                                     MAG. JUDGE KAREN L. HAYES

AFFIRMATIVE DEFENSES AND ANSWER ON BEHALF OF
LASALLE MANAGEMENT COMPANY, LLC
TO PLAINTIFF'S SIXTH AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes LaSalle Management Company, L.L.C. ("LaSalle Management"), which denies all Plaintiff's allegations including those set forth in Sixth Amended Complaint, except for those allegations which are admitted, modified or explained and who, with respect, represent the following:

**FIRST DEFENSE**

The Sixth Amended Complaint fails to state a claim upon which relief may be granted by this Court.

**SECOND DEFENSE**

Plaintiff failed to exhaust the administrative remedy procedures. Accordingly, Plaintiff cannot proceed with the suit.

1.

The allegations of Paragraph 1 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

1

2.

The allegations of Paragraph 2 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

3.

The allegations of Paragraph 3 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

4.

The allegations of Paragraph 4 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

5.

It is admitted that the Plaintiff has asserted claims under the Constitution and the laws of the United States and the State of Louisiana. The remaining allegations of Paragraph 5 of the Sixth Amended Complaint require no response from LaSalle Management because they are legal conclusions and not facts.

6.

It is admitted that the claims made by Carter arise in the Western District of Louisiana. The remaining allegations of Paragraph 6 of the Sixth Amended Complaint require no response from LaSalle Management because they are legal conclusions and not facts.

7.

Upon information and belief, it is admitted that Lane Carter is of suitable age and capacity to suit. The remaining allegations of Paragraph 7 of the Sixth Amended Complaint are denied.

8.

Upon information and belief, the allegations of Paragraph 8 of the Sixth Amended Complaint are admitted.

9.

All allegations of Paragraph 9 of the Sixth Amended Complaint are admitted.

10.

Upon information and belief, it is admitted that Jackson Correctional Center, LLC is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana and that it may be served through its registered agent for service, William K. McConnell, 192 Bastille Lane, Ste. 200, Ruston, La. 71270.  Upon information and belief, it is admitted that KPL, LLC is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana, that Patrick M. Temple is listed registered as the agent for service and as a member, and that Kelsey Temple Phillips and Leslie Temple Horvath at 192 Bastille Lane, Ste. 200, Ruston La, 71270 are listed as members.  Upon information and belief, it is admitted that WMC Enterprises, LLC is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana, that Patrick M. Temple is the listed registered agent for service and a member, and that William Wesley McConnell, Melissa Marie McConnell and Clay McConnell at 192 Bastille Lane, Ste. 200, Ruston La, 71270 are listed as members. The remaining allegations of Paragraph 10 of the Sixth Amended Complaint are denied as written.

11.

It is admitted Princeton Excess and Surplus Lines Insurance Company ("Princeton") is made a defendant herein and that it can be served through the Louisiana Secretary of State.  Upon

3

information and belief, it is admitted that Princeton is a Delaware Corporation with its principal place of business in New Jersey, and that it is a surplus lines insurer doing business on a non-admitted basis.  It is admitted that LaSalle Management is an insured pursuant Retained Limit Policy Number N1-A3-RL-0000073-06 in which with the effective dates of June 30, 2017 to June 30, 2018 issued by Princeton ("the Policy).

12.

LaSalle Management Company, L.L.C., ("Lasalle Management") is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana and that it may be served through its registered agent for service, William K. McConnell, 192 Bastille Lane, Ste. 200, Ruston, La. 71270.  It is admitted that WMC Enterprises, LLC and PH Temple Family Interests are listed as officers of LaSalle Management.  It is admitted that WMC Enterprises, is a Louisiana Limited Liability Company believed to be authorized to do business in the State of Louisiana with William K. McConnell as its registered agent who is listed as a member along with William Wesley McConnell, Melissa Marie McConnell and Clay McConnell at 192 Bastille Lane, Ste. 200, Ruston, La. 71270.  It is admitted that LaSalle Management is an insured under the Policy issued by Princeton.  The remaining allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

14.

The allegations of Paragraph 14 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

4

15.

The allegations of Paragraph 15 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

16.

The allegations of Paragraph 16 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

17.

The allegations of Paragraph 17 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

18.

The allegations of Paragraph 18 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

19.

The allegations of Paragraph 19 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

20.

The allegations of Paragraph 20 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

21.

The allegations of Paragraph 21 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

22.

The allegations of Paragraph 22 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

23.

The allegations of Paragraph 23 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

24.

All allegations of Paragraph 24 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

25.

The allegations of Paragraph 25 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

26.

The allegations of Paragraph 26 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

27.

The allegations of Paragraph 27 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

28.

The allegations of Paragraph 28 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

29.

The allegations of Paragraph 29 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

30.

The allegations of Paragraph 30 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

31.

The allegations of Paragraph 31 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

32.

The allegations of Paragraph 32 of the Sixth Amended Complaint are denied for lack of sufficient information upon which form a belief therein.

33.

The allegations of Paragraph 33 of the Sixth Amended Complaint are denied for lack of sufficient information upon which form a belief therein.

34.

The allegations of Paragraph 34 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

35.

The allegations of Paragraph 35 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

36.

The allegations of Paragraph 36 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

37.

The allegations of Paragraph 37 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

38.

The allegations of Paragraph 38 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

39.

The allegations of Paragraph 39 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

40.

The allegations of Paragraph 40 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

41.

The allegations of Paragraph 41 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

42.

The allegations of Paragraph 42 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

43.

The allegations of Paragraph 43 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

44.

The allegations of Paragraph 44 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

45.

The allegations of Paragraph 45 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

46.

The allegations of Paragraph 46 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

47.

The allegations of Paragraph 47 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

48.

The allegations of Paragraph 48 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

49.

The allegations of Paragraph 49 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

50.

The allegations of Paragraph 50 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

51.

The allegations of Paragraph 51 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

52.

The allegations of Paragraph 52 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

53.

The allegations of Paragraph 53 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

54.

The allegations of Paragraph 54 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

55.

The allegations of Paragraph 55 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

56.

The allegations of Paragraph 56 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

57.

The allegations of Paragraph 57 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

58.

The allegations of Paragraph 58 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

59.

The allegations of Paragraph 59 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

60.

The allegations of Paragraph 60 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

61.

The allegations of Paragraph 61 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

62.

The allegations of Paragraph 62 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

63.

The allegations of Paragraph 63 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

64.

The allegations of Paragraph 64 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

65.

The allegations of Paragraph 65 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

66.

The allegations of Paragraph 66 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

67.

The allegations of Paragraph 67 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

68.

The allegations of Paragraph 68 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

69.

The allegations of Paragraph 69 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

70.

All allegations of Paragraph 70 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

71.

All allegations of Paragraph 71 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

72.

All allegations of Paragraph 72 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

73.

The allegations of Paragraph 73 are denied.

74.

It is admitted that there is a contract concerning the operation of the Jackson Parish Correctional Center with the written contract being the best evidence of its contents.

75.

LaSalle Management admits Sheriff Brown and JCC are insureds under the Policy issued by Princeton.

76.

LaSalle Management incorporates all responses to all paragraphs made in its answer to the Sixth Amended Complaint as though fully set forth in this paragraph.

77.

LaSalle Management denies it was, or is, a "jailer." It denies that Carter was ever in its custody. The remaining allegations of Paragraph 77 of the Sixth Amended Complaint are legal conclusions which require no response from LaSalle Management. If a response is deemed necessary or appropriate, the allegations denied as inaccurate and incomplete.

78.

It is denied that Carter was an inmate in the custody of LaSalle Management.   The remaining allegations of Paragraph 78 of the Sixth Amended Complaint are denied as written.

79.

The allegations of Paragraph 79 of the Sixth Amended Complaint are denied.

80.

The allegations of Paragraph 80 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to base a belief.

81.

The allegations of Paragraph 81 of the Sixth Amended Complaint are denied.

82.

The allegations of Paragraph 82 of the Sixth Amended Complaint are denied.

83.

The allegations of Paragraph 83 of the Sixth Amended Complaint are denied.

84.

The allegations of Paragraph 84 of the Sixth Amended Complaint are denied.

85.

It is admitted that Princeton is a properly joined party.   It is admitted Jackson Correctional Center and Sheriff Brown are insureds under the Policy issued by Princeton.  All other allegations of Paragraph 85 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

86.

The allegations of Paragraph 86 of the Sixth Amended Complaint are legal conclusions which require no response from LaSalle Management.  If a response is deemed necessary or appropriate, the statement is denied as written in that it is an incomplete, and thus inaccurate, statement of law.

87.

LaSalle Management incorporates all its responses to all paragraphs made in its answer to the Sixth Amended Complaint as though fully set forth herein.

88.

The allegation of Paragraph 88 of the Sixth Amended Complaint is denied.

89.

The allegations of Paragraph 89 of the Sixth Amended Complaint are denied for lack of sufficient information to form a belief therein.

90.

The allegations of Paragraph 90 of the Sixth Amended Complaint are denied for lack of sufficient information to form a belief therein.

91.

The allegations of Paragraph 91 of the Sixth Amended Complaint are denied for lack of sufficient information to form a belief therein.

92.

All allegations of Paragraph 92 of the Sixth Amended Complaint are denied.

93.

All allegations of Paragraph 93 of the Sixth Amended Complaint are denied.

94.

All allegations of Paragraph 94 of the Sixth Amended Complaint are denied.

95.

All allegations of Paragraph 95 of the Sixth Amended Complaint are denied.

96.

It is admitted that Princeton is a properly joined party and issued a policy of insurance providing insurance coverage to Sheriff Brown and Jackson Correctional Center, LLC.  All other allegations of Paragraph 96 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

97.

The allegations of Paragraph 97 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

98.

The allegations of Paragraph 98 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

99.

The allegations of Paragraph 99 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

100.

The allegations of Paragraph 100 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

101.

The allegations of Paragraph 101 of the Sixth Amended Complaint are denied.

102.

The allegations of Paragraph 102 of the Sixth Amended Complaint are denied.

103.

The allegations of Paragraph 103 of the Sixth Amended Complaint are denied.

104.

The allegations of Paragraph 104 of the Sixth Amended Complaint are denied.

105.

It is admitted that Princeton is a properly joined party and issued a policy of insurance providing insurance coverage to Sheriff Brown and Jackson Correctional Center, LLC. All other allegations of Paragraph 105 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

106.

The allegation of Paragraph 106 of the Sixth Amended Complaint are legal allegations requiring no response from LaSalle Management. If a response is deemed necessary or appropriate, LaSalle Management denies the allegations of Paragraph 106 of the Sixth Amended Complaint for lack of sufficient information upon which to form a belief therein.

17

107.

The allegations of Paragraph 107 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

108.

The allegations of Paragraph 108 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

109.

All allegations of Paragraph 109 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

110.

The allegations of Paragraph 110 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

111.

The allegations of Paragraph 111 of the Sixth Amended Complaint are denied.

112.

The allegations of Paragraph 112 of the Sixth Amended Complaint are denied.

113.

The allegations of Paragraph 113 of the Sixth Amended Complaint are denied.

114.

The allegations of Paragraph 114 of the Sixth Amended Complaint are denied.

115.

It is admitted that Princeton is a properly joined party and issued a policy of insurance providing insurance coverage to Sheriff Brown and Jackson Correctional Center, LLC. The allegations of Paragraph 115 of the Sixth Amended Complaint are denied for lack of sufficient information upon which to form a belief therein.

**Further Answering in the affirmative, LaSalle Management raises the following additional defenses, to wit:**

### THIRD DEFENSE

LaSalle Management submits that all claims and causes of action under federal and state law are prescribed; thus, the entire claim is frivolous and without basis in fact or law.

### FOURTH DEFENSE

Jackson Correctional had no policies nor procedures in place which violated the U.S. or Louisiana State Constitutions.

### FIFTH DEFENSE

LaSalle Management affirmatively alleges entitlement to all limitations on damages, interest, and costs afforded by state law, including but not limited to, LSA-R.S. 13:5106 and 13:5112.

WHEREFORE, Defendant, LaSalle Management Company, L.L.C. prays that:

1. This Answer be deemed good and sufficient;

2. After due proceedings are had, there be judgment herein dismissing the claims of plaintiff, at his costs;

3. For all costs herein, including reasonable attorneys' fees;

19

4. That plaintiff's claims be declared frivolous; and

5. For all other just, general and equitable relief.

Respectfully submitted,

**COLVIN, SMITH, MCKAY & BAYS**
Attorneys for LaSalle Management Co. LLC,
Jackson Correctional Center, LLC, and
Princeton Excess and Surplus Lines
Insurance Company


/s/ Jennifer P. McKay
Jennifer P. McKay, #26999
900 Market Street, Suite 300
Shreveport, Louisiana 71101
(318) 429-6770
Facsimile: (318) 429-6771


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF System.  Notice of this filing will be sent to all counsel of record who are enrolled in the court's electronic notification system by operation of the court's electronic filing system.

Shreveport, Louisiana, this 1st day of June 2020.


/s/ Jennifer P. McKay
OF COUNSEL