**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**LANE CARTER**                                                    **CASE NO. 3:18-CV-00068**

**VERSUS**                                                          **JUDGE TERRY A. DOUGHTY**

**JACQUE DERR, ET AL.**                                    **MAG. JUDGE KAREN L. HAYES**

### <u>MEMORANDUM ORDER</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to withdraw admissions [doc. # 158], filed by defendant, Sheriff Andy Brown, in his official capacity.   The motion is opposed.   For reasons stated below, the motion is GRANTED.[1]

### <u>Background</u>

On May 12, 2020, plaintiff Lane Carter served defendant, Andy Brown, with his Fourth Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. (M/Withdraw, Exh. A).   Due to oversight, counsel for defendant failed to respond to the requests for admission by the June 11, 2020, deadline, and consequently, by rule, the requests were deemed admitted.   *See* Fed.R.Civ.P. 36(a)(3).   On June 16, 2020, plaintiff's counsel notified defense counsel that the requests had been deemed admitted.   The next day, defendant filed the instant motion to withdraw the admissions, together with proposed responses to the requests for admission in which he denied 13 of the 15 requests.   *See* Def's Responses; M/Withdraw, Exh. B.

On July 8, 2020, plaintiff filed his opposition to the motion.   [doc. # 161].   On July 16,

---

[1]  As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with, the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

2020, movant filed his reply brief, which, ironically enough, was one day late.[2]   The matter is

ripe.

### Law and Analysis

"[A] deemed admission can only be withdrawn or amended by motion in accordance with

Rule 36(b)."   *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).   Under Federal Rule of Civil

Procedure 36(b), a court "may permit withdrawal or amendment if [withdrawal or amendment]

would promote the presentation of the merits of the action and if the court is not persuaded that

[withdrawal or amendment] would prejudice the requesting party in maintaining or defending the

action on the merits."   When examining these two factors, courts consider both the fault and

diligence of the party seeking withdrawal.   *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL

715260, at *2 (5th Cir. 2007).   Nevertheless, "[e]ven if a party establishes these two factors, the

district court retains discretion to deny a request to withdraw an admission . . ."   *Williams v.*

*Wells Fargo Bank, N.A.*, 2014 WL 1044304, at *9 (5th Cir. 2014).

### A. Presentation of the Merits

When considering whether withdrawal or amendment would promote the presentation of

the merits, courts look to whether the admissions are contrary to the record, whether changed

circumstances rendered the admissions false, whether a party has made improvident admissions

through an honest error, and whether upholding the admissions would effectively eliminate any

presentation of the merits.   *N. Louisiana Rehab. Ctr., Inc. v. U.S.*, 179 F. Supp. 2d 658, 663

(W.D. La. 2001).

---

[2] Going forward, counsel should enact processes that ensure timely compliance with case deadlines.   For now, the court will consider the out-of-time brief, especially since it does not affect the outcome.

Applying the foregoing considerations here, the court finds that withdrawal of the deemed admissions would promote presentation of the case on the merits.   Indeed, defendant, Brown, seeks to deny almost all of the requests for admissions.   *See* M/Withdraw, Exh. B.[3] Plaintiff argues that defendant should not be permitted to withdraw his admissions because the resulting denials would be inconsistent with existing record evidence.   However, Sheriff Brown verified his proposed responses to the requests for admission.   *See* M/Withdraw, Exh. B. Furthermore, if a party fails to admit what is requested under Rule 36 and the requesting party later proves the matter to be true, then, in the absence of reasonable or good cause for the refusal to admit, the requesting party may recover reasonable expenses, including attorney's fees, incurred in making the proof.   Fed.R.Civ.P. 37(c)(2).

The court further observes that, according to defense counsel, he failed to respond to the requests for admission because he inadvertently failed to calendar the response date.   As soon as he learned of the oversight, i.e., within six days of the deadline, he filed the instant motion to withdraw the requests, together with the proposed responses.   The court finds this to be an honest error that was promptly corrected.

**B. Prejudice to Plaintiff**

As to the second factor, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).   Courts also consider the diligence of the party in filing its motion for withdrawal and the adequacy of time remaining for

---

[3] Plaintiff contends that if the deemed admitted responses are permitted to stand, then trial on the merits still would be necessary for purposes of damages and to apportion fault.   However, defendant contests liability.

3

additional discovery. *Casey v. Quality Rests. and Concepts*, 2012 WL 3261367, at \*5 (N.D. Miss. Aug. 8, 2012). A party is not prejudiced, however, "by the need to conduct additional discovery, nor by being required to put on proof of previously admitted items." *Id.* (citing *Le*, 2007 WL at \*3).

Here, plaintiff emphasizes that if the court permits defendant to withdraw his admissions then he will be prejudiced because he will need to engage in extensive discovery. However, plaintiff's alleged prejudice is not cognizable. Defendant promptly sought to correct his oversight and error. Plaintiff has not demonstrated that a six-day delay caused him to suffer material prejudice. Plaintiff certainly is in a no worse position than if defendant had submitted his responses timely. The sheriff's deposition was set for July 13, 2020, and plaintiff still has time to conduct any other needed discovery.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendant's motion to withdraw admissions and to substitute responses to the requests for admission [doc. # 158] is GRANTED.

In Chambers, Monroe, Louisiana, this 17th day of July 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

4