**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| LANE CARTER | CIVIL ACTION |
| VERSUS | 18-0068, SECTION P |
| ANDY BROWN, *ET AL.* | JUDGE TERRY A. DOUGHTY |
| | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM OPPOSING (IN PART) DEFENDANTS'**
**MOTION TO SET PLAINTIFF'S SECOND DEPOSITION**

COMES NOW Plaintiff Lane Carter, by and through undersigned counsel, who opposes Defendants' attempt to an a second deposition on topics where Plaintiff was already examined, and respectfully requests this Court limit Defendants second deposition of Plaintiff to relevant update issues, including medical updates, occurring since his September 20, 2018 deposition, and states as follows:

## I.   INTRODUCTION AND FACTUAL BACKGROUND

At the outset, it is necessary to address some material factual omissions, and misstatements, conveyed in Defendants' motion seeking a re-deposition on Mr. Carter.  We begin with the facts of the first deposition, discuss the facts surrounding Defendants' attempt to schedule a re-deposition of Mr. Carter on a date and time where a Fed. R. Civ. P. 30(b)(6) deposition was already scheduled in this matter, and finish with addressing the fact that Defendants' refuse to agree to limit the scope of a second deposition of Mr. Carter to updated issues and – insisting they intend to question him in areas discussed in his September 20, 2018 deposition.

1.     MR. CARTER'S FIRST DEPOSITION

Mr. Carter was deposed on September 20, 2018 and questions by three seasoned defense attorneys all working together adversely to Mr. Carter. See Rec. Docs. 49-5 and 59-4.  Mr. Carter was *pro se* and had no representation during the one-hundred forty-three page long examination, discussing forty-six pages of exhibits, where all three defense attorneys questioned Mr. Carter about the very same claims he maintains here today. See Report and Recommendations, Rec. Doc. 80 and Sixth Amended Complaint, Rec. Doc. 120.  Mr. Carter was incarcerated when he was first deposed and the deposition was held at mover's facility, Jackson Parish Correctional Center. Two of the same defense attorney who deposed Mr. Carter at that time, Mr. Calvit and Mr. Bryant, are still on this case today.   In fact, in the first deposition, Mr. Calvit also represented LaSalle Corrections, LLC, a company (then and still) owned by the individuals who own LaSalle Management Company, LLC, and who even Defendants have alleged "are one in the same." Rec. Doc. 105, p. 3.  Further, Mr. Calvit remaining client, Defendant Brown, has a joint defense agreement as of today with movers who are seeking a re-deposition on Mr. Carter.

2.     DEFENDANTS' MISREPRESENTATION ON SCHEDULING AN UPDATE DEPOSITION

Defendants have made repeated assertions that undersigned somehow upset their attempt to Notice are-deposition of Mr. Carter, so this must be addressed.  The below is more fully detailed in **Exhibit A** (pp. 3-4) attached hereto.

- After over a year of requests for deposition dates, Plaintiff's counsel finally obtained agreements and a date for several depositions from defense counsel. Per agreement, on June 16, 2020, a undersigned noticed Defendant Jordan's 30(b)(6) for August 4, 2020 at 9:00 a.m., the date of the discovery deadline. **See Exhibit B and attached Notice.**

- Two weeks later, on June 30, 2020, counsel for Defendants' counsel requested that all parties hold August 4, 2020 for a re-deposition of Mr. Carter at 9:00 a.m. **Exhibit C**.

- Ms. Denson immediately responded the same day reminding that this was in conflict with the exact date and time that Defendants had already agreed and been Noticed for the 30(b)(6) deposition of Defendant Jordan. **Exhibit C.**
- The very next day, apparently unmoved entirely by the existing Noticed deposition, Defendants' counsel simply sent a Notice for Mr. Carter's deposition for 9:00 a.m. on August 4, 2020. **Exhibit D and attached Notice**.

- Again, Mr. Carter's counsel responded via e-mail five minutes later, that this was the same time the deposition of Defendant Jordan was previously set. **Exhibit D**.

- On July 21, 2020, you sent a new Notice for a re-deposition of Mr. Carter to be held August 10, 2020. **Exhibit E.**

Despite the above indisputable facts, facts that Defendants' counsel has been reminded of time and again, Defendants' counsel now makes these misrepresentations in pleadings, stating "Plaintiff's deposition was initially set for August 4th with no objection (as to the date) from Plaintiff's counsel, but was 'unilaterally upset' by Plaintiff's counsel so Plaintiff could set some additional deposition he desired to take of defendants/defense witnesses." Rec.Doc. 166, p. 4 (¶ 12); 166-1, p. 3.  This false insistence that Plaintiff's counsel are to blame for Defendants' improper attempt to schedule a second deposition of Mr. Carter on the (then) discovery deadline of August 4, 2020 is simply untrue and undersigned respectfully requests this Court give no weight to the assertions otherwise.

### 3.    DEFENDANTS' DEMAND A COMPLETE RE-DEPOSITION OF MR. CARTER

To be clear, Plaintiff has never been opposed to Defendants having an opportunity to do a n updated, second deposition of Mr. Carter, regarding his changed condition/issues since his last deposition of September 20, 2018. **Exhibit F**.  However, Defendants' counsel refuses to "limit the deposition to 'issues and events' not discussed" and instead insists they are "entitled to inquire, through their counsel, into 'issues and events' that were [previously] discussed to understand…." **Exhibit F, p. 2**. Essentially, Defendants are seeking a blanket re-deposition of matter regarding, for instance, all "claims asserted" by Mr. Carter.

Only on July 15, 2020, did Defense counsel sent a letter of additional topics desired to re-examine Mr. Carter about. **Exhibit G**.  A week prior I had again explained that Mr. Carter has no problem with an update deposition, but that I would need to see a list of topics, with reasons, that you intended on delving into that were not restricted to *subsequent* medical and updates to his first deposition.   As expected, Defendants provided a list of fourteen (14) additional areas that essentially outlined a re-deposition of Mr. Carter entirely. Rec. Doc. 166-3, p. 2.

Since August 2018, Mr. Carter's claims have remained the same: 1) a slip and fall claim against Defendant Jordan, and 2) a slip and fall claim and ADA/Rehab/LA Constitutional claims against all other Defendants and their insurer.  The first deposition of the unrepresented Mr. Carter included, but was not limited to, examination on the following topic areas (with 45 pages of exhibits):

- Conviction/Criminal history;
- Substance abuse history;
- Building description, conditions, and maintenance at Winn Parish Jail (WPJ);
- Duration of incarceration at WPJ;
- Fall at WPJ;
- Physical abilities prior to the WPJ and JPCC falls;
- Physical abilities between the WPJ and JPCC falls;
- Medical attention and hospitalization records day of WPJ fall;
- Sheriff Jordan's actions day of WPJ fall;
- Fall at JPCC;
- Sick call documentation/ARPs submitted by Carter at JPCC;
- Medical treatment and records received after fall at both WPJ and JPCC;
- Medical billing including for WPJ for ambulance ride day of fall;
- WPJ and JPCC access to medical records;
- Sick call documentation submitted while at WPJ;
- Mr. Carter's transfer from WPJ to JPCC;

- Medical attention and billing received at LSU-Shreveport;
- Medical attention and billing received at Jackson Parish Hospital;
- Mr. Carter's personal journal entries from incarceration at JPCC;
- Mr. Carter's knowledge of LaSalle Corrections;
- They asked Mr. Carter to speculate and respond to hypotheticals, asked him for his understandings of legal principals, his understandings of Defendants' policies, procedures, and relationships with other Defendants (including facility owners and operators).

Despite the exhaustive examination and complete coverage of topics noted only in part above, Defendants have requested to comprehensively re-depose Mr. Carter in all following areas.  On August 6, 2020, undersigned sent Defense counsel the below responses as well as case law dealing with this exact issue. **Exhibit A.**  Mr. Carter's comments, objections, and stipulations to each requested re-deposition topic are in **bold**:

1. Claims asserted against Jackson Correctional Center, LLC ("Jackson Correctional"); and
2. Claims asserted against LaSalle Management, LLC ("LaSalle Management").

> **These requests are vague and overbroad as they do not describe "claims."  To the extent the claims referenced are claims regarding a slip and fall claim against Defendant Jordan, and a slip and fall and ADA/Rehab/LA Constitutional claims, Mr. Carter was already deposed on those topics.  Simply because Jackson Correctional is the privately owned company who is solidarily, contractually, and/or vicariously liable for the claims is no reason to subject Mr. Carter to a re-deposition on those claims.  Further, counsel for co-defendant Brown covered these topics in detail with the unrepresented Mr. Carter in his first deposition and Mr. Carter has recently answered your written discovery.**

3. Claims asserted against Princeton Excess and Surplus Lines Insurance Company ("Princeton").

> **This request is vague as is describes no "claims."  To the extent the claims referenced are a slip and fall claim against Defendant Jordan, and a slip and fall and ADA/Rehab/LA Constitutional claims, Mr. Carter was already deposed on those topics.  Simply because Princeton is an insurer who is contractually liable for the negligence/claims herein is no reason to subject Mr. Carter to a re-deposition on those claims.  Further, counsel for the insured co-defendant Brown covered these topics in detail with the unrepresented Mr. Carter in his first deposition and Mr. Carter has recently answered your written discovery.**

4. Plaintiff's discovery responses including information about medical, educational, and employment history which were not addressed in his deposition; and

5. Plaintiff's medical care and treatment which were not addressed in his deposition.

**We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  To the extent you intend to delve into any issues or discovery "not addressed in his deposition," or exchanged on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues. Further, Mr. Carter also responded to written discovery on these topics.**

6. The types of activities the plaintiff formerly engaged in and presently engages in.

**We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.   This would include a stipulation to asking Mr. Carter about relevant physical activities he can, or cannot, present engage in.  To the extent you intend to delve into anything Mr. Carter "formerly engaged in" on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

7. Documents provided to or produced by the plaintiff which he was not questioned about in his deposition; and

8. In terms of any document about which the plaintiff was questioned about in his deposition, if these documents are asked about at all, I will ask only questions concerning the document(s) which were not asked in his prior deposition.

**We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  To the extent you intend to delve into any issues or discovery "not questioned about in his deposition," or exchanged on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.  For example, just because every single one of the numerous please for medical attention by Mr. Carter were not discussed, does not give Defendants a right to re-depose Mr. Carter on those documents.**

9. Details of any falls or injuries which Carter alleges he experienced that were not inquired about during his deposition.

**We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  To the extent you intend to delve into any issues or discovery "not inquired about in his deposition," or exchanged on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topic were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

10. The plaintiff's criminal history.

**We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  We are willing to further stipulate with the parties that Mr. Carter's recent incarceration at Winn Parish Jail, and his numerous requests for medical attention at WPJ, is considered a relevant update, so long as Plaintiff's counsel is allowed to inquire into those requests when deposing Defendant Jordan and/or his representatives. To the extent you intend to delve into Plaintiff's criminal history on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

11. Any claimed communications with LaSalle Management, LaSalle Management employee or LaSalle Management representative.

    **We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  We are willing to further mutually stipulate that any communications by Mr. Carter (not counsel) after September 20, 2018 can be asked about by the parties. To the extent you intend to delve into Plaintiff's communications on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

12. Any claimed communication with Jackson Correctional, Jackson Correctional employee or Jackson Correctional representative; and
13. Any claimed communications with Princeton, Princeton employee, or Princeton representative.

    **We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  We are willing to further mutually stipulate that any communications by Mr. Carter (not counsel) after September 20, 2018 can be asked about by the parties. To the extent you intend to delve into Plaintiff's communications on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

14. Any claimed communication with any witness identified by the plaintiff on any witness list, amended witness list, disclosure, amended disclosure and/or any information that plaintiff has concerning the witnesses' information, the nature of the relationship between Carter and any witness, and background information on the witness.

    **We have offered a stipulation to the re-examination of Mr. Carter for the purposes of medical, employment, educational updates.  To the extent you intend to delve into topics, issues, or discovery exchanged on or prior to Mr. Carter's previous September 20, 2018 deposition, we object.  Those topics were discussed, and your request seeks to re-examine Mr. Carter on those issues.**

Unfortunately, Defendants were unwilling to discuss the matter further or agree to an "update" deposition of Mr. Carter limited in scope to issues subsequent to his first deposition, noting they desire the Court's guidance.

## II.    LAW AND ARGUMENT

Federal law does not allow for the re-deposition of a litigant over the same topics or issues covered in a prior deposition.  Given the limitations set forth in Rule 26(b)(2)(C), regardless of newly added parties, a deposition shall not entail a re-asking and re-answering of topics covered in the first deposition. *Donahue v. Wilder*, No. CV 15-499-JWD-RLB, 2018 WL 9649984, at *2 (M.D. La. Apr. 10, 2018) (citing *Christy v. Pennsylvania Tpk. Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995)) (allowing second deposition by newly added defendants but limiting deposition "to areas not covered in the first deposition"); *Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987) (allowing newly added defendant to take deposition of plaintiff but finding "no logical reason why [defendant] should duplicate the same material covered at the first deposition. Therefore, the second deposition will be limited to those areas not covered in the first deposition").

Furthermore, Fed. R. Civ. P. 30 in instructive that in its plain wording that where a deponent has already been deposed in a case, deposition demands are more highly scrutinized:

When a Deposition May Be Taken.

***

(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)

If the parties have not stipulated to the deposition and:

***

(ii) the deponent has already been deposed in the case; …

Under Rule 26(b)(2)(C), discovery may also be limited where: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Putting aside the fact that a re-deposition of those areas of inquiry of Mr. Carter would be absolutely duplicative and obtainable from reading the first deposition, in this case, it is obvious that the Defendants are looking for a second bite at the apple.  One of the current attorneys to the joint defense agreement even actually represented the "one in the same company" (LaSalle), now seeking a second deposition, in Mr. Carter's first deposition.  Defendant states nothing to support its motion other than a 2008 Southern District of Illinois case, *Beesley v. Int'l Paper Co.*, 2008 U.S. Dist. LEXIS 97809 (S.D. Ill. Dec. 3, 2008).  In doing so, Defendants sparsely allege that case stands for the proposition that a defendants "should be permitted to depose a plaintiff on their new claims."  Mr. Carter was an unrepresented incarcerated litigant examined by three seasoned defense attorneys on the same claims he had at the time this Court issues it Report and Recommendations. Rec. Doc. 80.  Re-deposing Mr. Carter on those issues is abusive, unwarranted, cumulative, burdensome and really not beneficial to any party.  Moreover, Mr. Carter has never objected to the idea of Defendants obtaining an "update" deposition is so desired.

## III.    Conclusion

Based on the facts and law as discussed herein Mr. Carter respectfully requests that any second deposition of Defendants be limited in scope to updated medical conditions since his September 20, 2018 deposition, or at the least limited to only matters and updates *subsequent* to

his September 20, 2018 deposition.

Respectfully submitted this 25th day of August, 2020.

/s/ Casey Denson_____
**Casey Rose Denson, Esq.**
Casey Denson Law, LLC
3436 Magazine Street, Unit #7005
New Orleans, LA 70115
Telephone: (504) 224-0110
E-mail: cdenson@caseydensonlaw.com
Attorney for Plaintiff

__/s/ Kenneth Bordes_____
**Kenneth Bordes, Esq.**
Kenneth C. Bordes, Attorney at Law, LLC
2725 Lapeyrouse Street
New Orleans, LA 70119
Telephone: 504-588-2700
Email: kcb@kennethbordes.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of August, 2020, a true and correct copy of the foregoing was delivered via email to:

Eli Meaux, EMeaux@provosty.com
Brad Calvit, BCalvit@provosty.com
Shane Bryant, sbryant@usryweeks.com
hayes_motions@lawd.uscourts.gov

__/s/ Kenneth Bordes_____
**Kenneth Bordes, Esq.**
Kenneth C. Bordes, Attorney at Law, LLC
2725 Lapeyrouse Street
New Orleans, LA 70119
Telephone: 504-588-2700
Email: kcb@kennethbordes.com
Attorney for Plaintiff