UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LANE CARTER                                          CASE NO. 3:18-CV-00068

VERSUS                                               JUDGE TERRY A. DOUGHTY

JACQUE DERR, ET AL.                                  MAG. JUDGE KAREN L. HAYES

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to set plaintiff's deposition [doc. # 166] filed by defendants, LaSalle Management Co.,

L.L.C.; Jackson Correctional Center, L.L.C.; and Princeton Excess and Surplus Lines Insurance

Company.   The motion is partially opposed.   For reasons stated below, the motion is

GRANTED.[1]

Background

Plaintiff Lane Carter filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983

on January 18, 2018, against defendants, Judge Jacque Derr, Winn Parish Sheriff Cranford

Jordan, the Winn Parish Jail, and the Jackson Parish Correctional Center ("JPCC").   On

September 20, 2018, the then-defendants-of-record took plaintiff's deposition, which lasted

approximately two-hours.   *See* Carter Depo.; M/Set Depo., Exh. A [doc. # 166-2].     Plaintiff,

however, was incarcerated at the time and was not represented by counsel.   *Id*.

By August 2019, plaintiff had been released from custody, and had retained counsel.

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on
the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is
issued under the authority thereof, and in accordance with, the standing order of this Court. Any
appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[doc. #s 85, 88-89].   On September 5, 2019, plaintiff, via newly enrolled counsel, filed a motion

to reopen discovery because, whilst incarcerated and unrepresented, plaintiff lacked the legal

acumen and resources to propound discovery.   [doc. # 90].   The court granted the motion.

[doc. # 93].

Between November 2019 and March 2020, plaintiff filed three motions for leave to

amend his complaint.   [doc. #s 95, 98, & 118].   The court granted all three.   [doc. #s 96, 112,

& 119].   The latter two amendments resulted in the joinder of additional parties:   LaSalle

Management Co., L.L.C.; Jackson Correctional Center, L.L.C.; and Princeton Excess and

Surplus Lines Insurance Company (collectively, the "new defendants").   [doc. #s 113 & 120].[2]

The new defendants are represented by Ms. Jennifer McKay, who did not become involved in

this litigation until after the filing of plaintiff's Sixth Amended Complaint.

The new defendants, via counsel, sought to obtain agreement from plaintiff's counsel to

set plaintiff's second deposition.   While plaintiff's counsel agreed in principle to a second

deposition, she requested a list of the proposed topics.   On July 15, 2020, counsel for the new

defendants forwarded a list of fourteen topics to plaintiff's counsel that she wished to cover

during plaintiff's second deposition.   (July 15, 2020, email from J. McKay to K. Bordes and C.

Denson; M/Set Depo., Exh. B).

When by August 3, 2020, plaintiff's counsel still had not acceded to the scope of his

second deposition as proposed by defendants, the new defendants filed the instant motion to set

---

[2] Meanwhile, plaintiff sought to impose or uphold potentially case-dispositive sanctions or admissions stemming from defendant, Sheriff Andy Brown's discovery lapses.   [doc. #s 122 & 161].   The court resolved these issues in favor of defendant.   [doc. #s 145 & 163].

his second deposition.[3]   The motion seeks an order that permits the new defendants to take

plaintiff's deposition on the following topics:

1.      Claims asserted against Jackson Correctional Center, LLC ("Jackson Correctional").

2.      Claims asserted against LaSalle Management, LLC ("LaSalle Management").

3.      Claims asserted against Princeton Excess and Surplus Lines Insurance Company ("Princeton").

4.      Plaintiff's discovery responses including information about medical, educational, and employment history which were not addressed in his deposition.

5.      Plaintiff's medical care and treatment which were not addressed in his deposition.

6.      The types of activities the plaintiff formerly engaged in and presently engages in.

7.      Documents provided to or produced by the plaintiff which he was not questioned about in his deposition.

8.      In terms of any document about which the plaintiff was questioned about in his deposition, if these documents are asked about at all, [counsel] will ask only questions concerning the document(s) which were not asked in his prior deposition.

9.      Details of any falls or injuries which Carter alleges he experienced that were not inquired about during his deposition.

10.     The plaintiff's criminal history.

11.     Any claimed communications with LaSalle Management, LaSalle Management employee or LaSalle Management representative.

12.     Any claimed communication with Jackson Correctional, Jackson Correctional employee or Jackson Correctional representative.

13.     Any claimed communications with Princeton, Princeton employee, or Princeton representative.

---

[3] The motion also requested permission to take the deposition beyond the August 4, 2020, discovery deadline.   Since that time, however, the discovery deadline has been extended.   *See* Aug. 21, 2020, Amend. Sched. Order [doc. # 176].   Thus, that issue is moot.

14.    Any claimed communication with any witness identified by the plaintiff on any witness list, amended witness list, disclosure, amended disclosure and/or any information that plaintiff has concerning the witnesses' information, the nature of the relationship between Carter and any witness, and background information on the witness.

On August 25, 2020, plaintiff filed his response to the new defendants' motion, whereby he reiterated that he did not oppose an updated deposition.   (Pl. Response [doc. # 177]). However, plaintiff found it inequitable that he should have to endure re-questioning by the new defendants when the original defendants already interrogated him for some two-hours whilst he was not represented by counsel.   Furthermore, plaintiff maintained that the new defendants, who are aligned with at least one of the initial defendants, should not be permitted a second bite at the apple.   Consequently, plaintiff seeks to limit the scope of the of the second deposition to "updated medical conditions since his September 20, 2018 deposition, or at the least limited to only matters and updates subsequent to his September 20, 2018, deposition."   (Pl. Response Memo., pgs. 9-10).

On September 1, 2020, movants filed their reply brief.   [doc. # 178].   Thus, the matter is ripe.

## Law and Analysis

Rule 30 provides that, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."   Fed.R.Civ.P. 30(a)(2)(ii).

4

Rule 26(b)(1) specifies, in turn, that

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Furthermore,

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Applying the foregoing principles here, the court appreciates plaintiff's concern that he already was subjected to a deposition, as well as his perception that the new defendants simply want a deposition mulligan. However, it was plaintiff who believed that the new defendants were sufficiently distinct from the existing defendants and vital enough to his case that he needed to join them as additional defendants. As new defendants in the case, they should be permitted to take his deposition. Furthermore, while plaintiff alleged facts in his pro se complaint(s) sufficient to support a claim under the Americans with Disabilities Act, it is manifest that this claim, and his state law constitutional claim(s), were not emphasized by plaintiff prior to his

5

original deposition, and thus, were not a focus of inquiry at that time.

To be sure, a second deposition necessarily will entail some overlap with the first that is unavoidable.   Moreover, given the amount in controversy,[4] the new defendants should be permitted to ask follow-up questions regarding topics covered in the first deposition.   However, questions that were asked and answered previously may not be re-asked.

It is also worth emphasizing that the court has reopened discovery per plaintiff's request, and granted plaintiff's multiple requests to amend his pleadings.   It also is the court's understanding that plaintiff intends to take a significant number of depositions of defendants' personnel of his own.   Under these circumstances, it is neither inequitable, nor unduly burdensome to subject plaintiff to further questioning about his claims and damages, particularly as they pertain to the recently added defendants.   In short, plaintiff's claims of unfairness and disproportionality ring hollow.

### Conclusion

For the above-assigned reasons,

IT IS ORDERED that movants' motion for permission to take plaintiff's deposition on the topics detailed in the body of this decision [doc. # 166] is GRANTED.

In Chambers, Monroe, Louisiana, this 14th day of September 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4] It is the court's understanding that a physician(s) has recommended that plaintiff undergo a multi-level disc fusion, and that plaintiff attributes his condition and its severity to defendants' conduct.